## THOMAS LANGENOUR v. JAMES FRENCH et al.

SUFFICIENCY OF PETITION IN INSOLVENCY.—Where a petition in insolvency avers " That he [petitioner] is, and for about ten years last past has been, a citizen of Placer County, State of California, and has been mostly engaged in ranching and stock raising in said county :" *held*, that it substantially shows the jurisdictional fact of residence of the petitioner in said county for at least six months next preceding the time of filing said petition.

SUFFICIENCY OF ORDERS OF JUDGE TO CREDITORS AND TO PUBLISH NOTICE TO CREDITORS.—Where the Judge receiving a petition of insolvency, in an order directed to the Clerk of his Court, ordered " That the Clerk of this Court make publication of this notice in the *Union Advocate*, a newspaper published in said county, for a meeting of the creditors on the 29th day of November, 1862, at my office in Auburn, to contest said discharge as prayed for, and that said publication be made for at least thirty days preceding said date," etc. : *held*, that in effect this was to combine orders for the meeting of the creditors and to publish the notice to them, as required by sections five and eight of the Insolvent Act.

CONSTRUCTION OF THIRTY-SIXTH SECTION OF INSOLVENT ACT.—It is suggested, but not decided, because not necessary to the decision of the case, that the clause " In case he [insolvent] should already have received the benefit of this Act during the next preceding year," contained in the thirty-sixth section of the Insolvent Act, only applies to those parties the appraised value of whose property exhibited in the schedule does not amount to more than one third of their debts, and not to those who have " no property to surrender " to the creditors.

RULE OF CONSTRUCTION OF STATUTES.—It is a rule of construction of statutes that some effect, if possible, must be given to every word, and certainly to every distinct provision of the Act.

JURISDICTIONAL FACTS IN INSOLVENCY PROCEEDINGS.—Where a petitioner in insolvency shows in his petition that he has no property to surrender, or, he having had the benefits of the Insolvent Act within one year next preceding, the appraised value of his property exhibited in his schedule does not amount to

more than one third of his debts : *held*, that the fact to be proved by the affidavits of two disinterested and credible witnesses, that the insolvent has really experienced the losses by him stated, etc., as required by the thirty-sixth section of the Act, is not jurisdictional, but belongs to the procedure within the jurisdiction, and cannot arise until the final hearing, nor is it required that said affidavits should be filed or made part of the record.

MODE OF ACQUIRING JURISDICTION IN INSOLVENCY CASES.—By the filing of the petition, containing a statement of the facts prescribed in sections two and three of the Insolvent Act, and the schedules, duly subscribed and verified, and by making the proper orders and giving the proper notice, the Court acquires jurisdiction of the subject matter and of the parties interested.

JURISDICTIONAL FACTS WHEN JUDGMENT IS ATTACKED COLLATERALLY.—Where a final judgment of discharge in an insolvency proceeding recites : "That the requirements of said Act for the relief of insolvent debtors and the protection of creditors, and all orders of the Court herein, have, in every respect, been fully complied with and performed by said petitioner :" *held*, that this sufficiently shows the existence of all jurisdictional facts necessary to uphold the judgment when collaterally attacked.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

This was an action against respondent and others, upon a note executed to plaintiff by respondent and others, for the sum of two thousand five hundred and sixty-six dollars, with interest at one per cent per month from its date, July 13th, 1861. The defence relied on by respondent was a plea in bar of certain insolvent proceedings and judgment rendered, in the case of *James French* v. *His Creditors*, whereby it was alleged that respondent was discharged from the debt sued on.

At the trial, the plaintiff introduced the note sued on, and rested. The respondent offered in evidence said insolvent proceedings and judgment, to which the plaintiff objected :

First—That the petition therein does not conform to the requirements of section two, (Insolvent Act,) in this, to wit : it is not shown therein that the petitioner had resided in the county in which the proceedings were instituted for six months next preceding the filing of the same, and that the Court acquired no jurisdiction in said proceeding. The averments of the petition on this point were—"Your petitioner, James French, respectfully shows to your Honor,

that he is, and for about ten years last past has been, a citizen of Placer County, State of California, has been mostly engaged in ranching and stock raising in said county."

Second—The orders of the Judge receiving the petition did not conform to the requirements of sections five and eight of said Act, in this : that there was no order made by said Judge to the creditors, as required by section five of the Insolvent Act, and that, for want of such order, the notice to creditors, published by the Clerk, was void.   Said orders and notices were as follows, to wit :

[*Title of cause.*]
" State of California, County of Placer.
" To the Clerk of the Court, Eleventh Judicial District, Placer County :

" Having examined the foregoing petition, and sworn petitioner thereto, it is hereby ordered that the foregoing proceedings be filed in your office.   It is further ordered that a stay of proceedings on the part of the creditors of petitioner be made, and it is hereby made.   And it is further ordered, that the Clerk of this Court make publication of this notice in the *Union Advocate*, a newspaper published in said county, for a meeting of the creditors on the 29th day of November, 1862, at my office in Auburn, to contest said discharge as prayed for, and that said publication be made for at least thirty days preceding said date.

" In testimony of which I have set my hand, at my office, this 22d of October, 1862.

" B. F. Myres,

" Judge Eleventh Judicial District, Placer County.
" Filed October 22d, 1862."

" Notice to Creditors.

" *James French* v. *His Creditors.*
" In the District Court of the Eleventh Judicial District, Placer County, California.
" Pursuant to an order made by the Hon. B. F. Myres,

Judge of the Eleventh Judicial District Court in and for said county, the creditors of James French, an insolvent debtor, are notified to be and appear before -said Judge at his office in Auburn, Placer County, on Saturday, the 29th day of November, A. D. 1862, at 10 o'clock A. M., then and there to show cause, if any they can, why the prayer of said insolvent should not be granted, an assignment of his estate and he be discharged from his debts and liabilities, in pursuance of the statute in such case made and provided.

" And it is further ordered, that in the meantime all proceedings by the creditors of the said insolvent, James French, be stayed.

" In witness whereof, I, Henry Gooding, Clerk of the Eleventh Judicial District Court aforesaid, do hereunto set my hand and impress the seal of said Court, at office in Auburn, this 22d day of October, A. D. 1862.

[SEAL.]                              " HENRY GOODING, Clerk.

" HAMILTON & WILLIAMS, Petitioner's Attorneys.

" October 25th, 1862."

Third—That the Court, entertaining said proceedings, was prohibited by law from rendering said judgment, because the petitioner had no property to surrender for the benefit of all his creditors, and he did not make, before the Judge receiving his petition, the proof, by the affidavit of two credible witnesses, that he had really sustained the losses stated by him, etc., as required by the thirty-sixth section of said Act, and that said judgment is void.

The schedule attached to respondent's petition averred that " petitioner has no lands, no personal property, no real estate, no notes or accounts, no money in hand or on deposit, no books or book accounts, no property of any kind or character whatever."

The record of proceedings in the case of *French* v. *His Creditors*, did not contain any affidavits, as provided for in section thirty-six of said Insolvent Act.

The Court overruled said objections, and admitted said

proceedings and judgment in evidence. The appellant excepted, and assigned said rulings as error on appeal.

The other facts are stated in the opinion of the Court.

*Hale & Fellows*, for Appellant, argued:

That the averments of the petitioner failed to show the required residence of the petitioner within his county for six months next preceding the filing his petition. That this is a jurisdictional fact not shown to exist, hence respondent's proceedings in insolvency, and the judgment of discharge offered by him in evidence were unauthorized by the Insolvent Act, and void. That the order, directed to the Clerk of the Court, made by the Judge who received respondent's petition, did not amount to an order to the creditors, as required by section five of the Insolvent Act; hence, the publication by the Clerk of the notice to the creditors was unauthorized by law and failed to secure jurisdiction of the persons of the creditors. That, as the respondent's petition showed affirmatively he had no property to surrender for the benefit of his creditors, and the record failed to show any proof, made by the affidavits of witness, that respondent had really sustained the losses stated by him, etc., as required by section thirty-six of the Act, the Judge who received the application of respondent was prohibited from granting the relief expressed in the judgment offered in evidence; citing, among others, *McDonald* v. *Kutz*, 31 Cal. 167.

*Jo Hamilton*, for Respondent.

Appellant assaults the proceeding of the Court granting respondent's discharge in insolvency, on the ground that his petition shows that he was a citizen of the county for ten years prior to the filing thereof, when it should have been shown that he was a resident of the county for six months prior thereto. I answer his position in two ways, either of which, I think, is conclusive. First—This petition shows clearly that petitioner is and was not only a citizen, but a

resident of the county for ten years last past.   Second—His petition, which was taken, as confessed by the default, not only so shows, but the Court, in its judgment, expressly decides that he was not only a citizen, but a resident for six months preceding his application.   The term " citizen " means not only a resident, but a resident with citizen's rights, and is a broader term than the term " resident," and ·when used, as it is usual in the petition, the former necessa- · rily includes the latter term.   The citizen must be a resident; one may be a resident without being a citizen.

The counsel for appellant insists upon misunderstanding the effect of section thirty-six of the Insolvent Act, which inhibits him from a similar application within the same year, unless he shall prove his losses actually to have occurred, etc.   It is not even pretended that petitioner had ever applied for the benefit of the Act before.

It was never intended that the Judge, in making his order, should do a foolish thing.   He is required: First—To direct the filing.   Second—To fix a day for the meeting of creditors, and order their meeting.   Third—To make an order requiring publication.   All this he invariably does in one order, as he has done in this case.   It is not denied that thereafter the Clerk made the due and lawful publication of the notice of the time and place for meeting of creditors; that the notice is sufficient in form, published for the usual and lawful time, and in the usual and lawful manner.


By the Court, SAWYER, J.:

Although the language used is not very exact or apt, we think the petition substantially shows the jurisdictional facts. So, also, the order made by the Judge might in some respects have been better expressed; yet, the effect is, to combine an order for meeting of the creditors with an order to publish the notice.   It necessarily imports that the creditors are required to meet on the day they are to be notified

13

to meet. Jurisdiction having been obtained, we do not think the evidence discloses facts sufficient to vitiate the judgment discharging the insolvent.

Judgment affirmed.


By the Court, SAWYER, J., on petition for rehearing :

The construction of section thirty-six of the Act for the relief of Insolvent Debtors is not free from difficulty. We are inclined to think, however, that the clause, "in case he should already have received the benefit of this Act during the next year preceding," only applies to those parties the appraised value of whose property, exhibited in the schedule, does not amount to more than one third of their debts, and not to those, who have "no property to surrender" to the creditors. In other words, that there are two classes of debtors, whom the Judge "shall not admit to the benefit of this law, unless it be proved to the said Judge, by affidavit sworn and subscribed to by two credible and disinterested witnesses that the debtor has really experienced the losses by him stated," etc., viz : those debtors who have no property to surrender to their creditors ; and those who have received the benefit of the Act within a year next preceding, the appraised value of whose property exhibited in the schedule does not amount to more than one third of their debts. If this is not the construction, and the first clause of the section, as well as the second, is qualified by the clause, "in case he should already have received the benefit of this Act during the year next preceding," the said first clause has no office to perform ; for, if a party has no property at all to surrender, the appraised value cannot possibly amount to more than one third of the debts, and the first clause must necessarily be included in the second ; and as the second clause covers the whole ground, nothing is left to be provided for, or accomplished by the provision for the first class. It is a rule of construction, that some effect, if possi-

ble, must be given to every word, and, certainly, to every distinct provision of an Act.

But under the view we take, it is unnecessary to finally determine the question.

The discharge is attacked collaterally, and the fact required to be proved as to either class, is not jurisdictional. By the filing of the petition, containing a statement of the facts prescribed in sections two and three, and the schedules duly subscribed and verified, and by making the proper order and giving the proper notice, the Court acquires jurisdiction of the subject matter, and of the parties interested. The rest relates to the procedure within the jurisdiction. The Court is then authorized to hear and determine all questions arising in the progress of the case. The question arising under section thirty-six, as to whether the losses have actually occurred or not, involves matter of proof in the course of the exercise of a jurisdiction already acquired over the subject matter, not matter of averment as a basis for acquiring jurisdiction. It is a question that cannot arise until the final hearing. Till then the party cannot be called on for this proof. If the Judge should grant a discharge without proof it would be error, for which the judgment would be reversed on appeal. A Court has no legal authority to render judgment for a money demand in an ordinary suit, where the claim is disputed, without proof; but it has authority to try the issue, and if judgment should be rendered, it would be valid until reversed. The same is true with reference to the point in question. But if the fact be jurisdictional, the judgment itself recites, "that the requirements of said Act for the relief of insolvent debtors and protection of creditors, and all orders of the Court herein, have, in every respect, been fully complied with and performed by said petitioner." One of the requirements of the Act is, that he shall furnish the proof, by affidavit sworn and subscribed to by two creditable and disinterested witnesses, that he really experienced the losses, etc. The Act does not say that their affidavits should be filed, or in any manner made record. Those

recitals are broad enough to cover the proof, and if the fact of proof is necessary to be made to appear, the recitals are record evidence, in a collateral proceeding, that it was done.

Rehearing denied.


SANDERSON, J., concurring specially:

I concur in the order, but dissent from the opinion so far as it leaves open the construction of the thirty-sixth section. The construction suggested, but not finally adopted, is, in my judgment, the true construction, beyond a doubt.