## JAMES P. FLINT *et als. v.* CHARLES L. WILSON.

ORDER IN INSOLVENT PROCEEDINGS.—An order of the County Judge in insolvent proceedings, made under sections five and eight of the Insolvent Act, which directs the Clerk to issue an "order for the creditors to appear * * * and show cause why the insolvent should not be discharged from his debts, in pursuance of the insolvent laws, and likewise make an assignment of his estate for the benefit of his creditors," is a substantial compliance with said Act.

IDEM.—The Legislature has the constitutional power to authorize such order to be made at chambers by the County Judge.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

This was an action to recover a debt contracted by the defendant prior to the 13th day of July, 1865, to which the defendant pleaded his discharge from all his debts contracted prior to said date, under the Act for the relief of insolvent debtors and protection of creditors, and at the trial offered the record thereof in evidence. The record disclosed that upon the presentation of the defendant's petition the County Judge made the following order:

"C. L. WILSON, Petitioner,
          *v.*
HIS CREDITORS, Defendants.

"The above named petitioner, C. L. Wilson, having presented to me his petition, with the schedule thereto attached in due form of law, and taken the oath before me prescribed by the Insolvent Law of this State, it is ordered, that upon filing the same with the Clerk of the above Court, that he issue an order, under the seal of said Court, directing the creditors of said insolvent to be and appear before me in chambers, at the Town of Auburn, on the 21st day of August, 1865, at the hour of ten A. M., then and there to show cause why the said insolvent should not be discharged from his debts and liabilities, in pursuance of the Insolvent Law of this State, for such cases made and provided, and likewise make an assignment of his estate for the benefit of his creditors, under and in pursuance of said Act.

"And it is further ordered, that such notice to creditors be published once a week for four successive weeks in that certain newspaper published in Auburn, of Placer County, known by the name of *The Stars and Stripes.*

"And it is further ordered, that in the meantime all proceedings against the said insolvent debtor be stayed.

"Dated July 13th, 1865.

"H. FELLOWS,

"County Judge, Placer County.

" [50 cents Internal Revenue stamp, canceled.]

4

"*Indorsed:* County Court, County of Placer.    *C. L. Wilson* v. *His Creditors.*    Petition, schedule, affidavit, and order.

"Filed July 18th, 1865,

"D. W. SPEAR, Clerk.

"By A. N. GAMBELL, Deputy."

The plaintiffs' attorneys objected to the record in insolvency being received in evidence, as follows:

"The said record does not show, nor was there any order made by the Judge of said County Court, requiring the creditors of said insolvent to show cause why said insolvent should not be allowed to make a cession of his goods and be discharged from his debts, as is required by the fifth section of the statute relative to insolvents.

"There was no order or direction by said Judge, directing the Clerk of his Court to publish a notice to said creditors, as required by section eighth of said statute, the order shown failing to direct such notice to be published in a newspaper printed in said County of Placer, or to furnish any excuse for not so doing.

"No jurisdiction was acquired by the Judge of Placer County of the creditors of said defendant, and the decree of discharge is void."

Which objections were sustained by the Court, and the record of discharge excluded.    To which the defendant duly excepted.

Thereupon judgment passed for the plaintiff, and the defendant appealed.

The other facts are stated in the opinion of the Court.

*Wilson & Crittenden,* and *Geo. Cadwalader,* for Appellant.

*J. McM. Shafter,* for Respondents.

By the Court, SAWYER, C. J.:

The question is as to the validity of the discharge in insolvency of the defendant, Wilson, from the debts upon which the recovery in this action was had. The record of the discharge was excluded by the Court, on objection by plaintiffs on the ground that the proceedings are void upon their face. The same record was in question in *Naglee* v. *Wilson*, decided at the October Term, 1867, and we held the discharge valid, for the reasons given in *Langenour* v. *French*, 34 Cal. 92, decided but a short time before. We think the order of July 13th, 1865, indorsed on the petition and signed by the Judge, although not very well expressed, combines substantially an order for the meeting of creditors and a direction to the Clerk to issue and publish a notice to the creditors. The same question was made and determined in the two cases before decided, and we see no good reason for taking a different view of the question now from that before adopted. The only question raised, not already determined in those cases, is, that the statute, so far as it authorizes the County Judge, as distinguished from the Court, to act in the preliminary stages of the proceeding, is unconstitutional, and that the acts of the Judge at chambers are therefore void. The Constitution, as amended, provides that "the County *Courts* shall have original jurisdiction  *  *  *  of proceedings in insolvency." (Art. VI, Sec. 8.) The petition is filed in the Court, after the proper indorsements are made, and becomes a record of the Court, like a complaint in any other case.

The final order discharging the insolvent was made in open Court. The order for the meeting of the creditors and directing the notice to be issued is only a preliminary proceeding, and serves as process to bring the creditors into Court. We see no reason for holding that the Legislature has no constitutional power to authorize this mode of bringing the parties into Court, or of authorizing the Clerk alone,

if it should see fit to do so, to issue the notice, upon filing the petition, without an order of Court, that would not as well apply to the issuing of a summons by the Clerk in vacation upon a complaint filed in the District Court. The latter is no more the act of the Court than the former. The jurisdiction of the District Courts is conferred in similar language, and the same distinction is taken between the *Courts* and their *Judges*, with reference to the writ of *habeas corpus*, as that found in the provisions conferring jurisdiction upon County Courts. (Constitution, Art. VI, Secs. 6 and 8.) It is rather late in the day to maintain that the powers exercised by the Judges of the District Courts at chambers, under statutory provisions, with respect to injunctions, arrests, attachments, receivers, etc., in cases pending in such Courts, is unconstitutional.

We think the point untenable. As before remarked, the other questions are determined in the two cases already cited, and it is unnecessary to add anything.

It is but just to say, however, that the case was tried before those cases were determined, and the Judge did not have the benefit of our former decisions.

Judgment and order reversed and new trial ordered.