[Civ. No. 12464. Second Appellate District, Division Two.—March 28, 1940.]

DAVID A. DAVIDSON et al., Appellants, v. ROBERT L. BURNS et al., Respondents.

Julius V. Patrosso for Appellants.

Ray L. Chesebro, City Attorney, Frederick von Schrader and Leon Thomas David, Assistants City Attorney, and Bourke Jones, Deputy City Attorney, for Respondents.

McCOMB, J.—From a judgment in favor of respondents after the trial court sustained without leave to amend a general demurrer to a petition for a writ of mandate requiring respondent Board of Pension Commissioners to prepare a budget for the fire and police pension fund, eliminating therefrom estimated receipts and requiring respondent City Council to levy a tax to meet the requirements of said budget, petitioners appeal.

Section 186 of the Charter of the City of Los Angeles since its amendment in 1933 reads as follows:

"Sec. 186. (1) For the purpose of providing and maintaining a fund to meet the payments of demands drawn for the payment of pensions and the expense of said Department of Pensions a fund is hereby created, to be known as the fire and police pension fund.

"(2) The Board of Pension Commissioners shall, annually, prepare a budget consisting of the estimated requirements for the next succeeding fiscal year to pay and discharge (a) disability pensions, (b) widows' pensions, (c) minors' pensions, (d) dependents' pensions, and (e) administration expense.

"(3) In addition to the foregoing there shall be included in said budget a sum equal to four per centum of the estimated total payrolls of the Fire and Police Departments for

those members of the said departments included within the pension provisions of this article, for the next succeeding fiscal year.

"(4) In the event that all payments made and to be made from said fire and police pension fund during any fiscal year shall exceed the total sum paid into said fund from all sources as hereinafter provided, then, and in that event, in addition to all sums heretofore provided to be included in said budget there shall be set up therein a sum equal to the difference between the amount of moneys paid from said fund and all moneys received into said fund during said fiscal year.

"(5) For the purpose of providing funds to meet the budget of said fire and police pension fund as hereinabove described the City Council shall levy annually a tax clearly sufficient to provide the total amount of all items in said budget.

"(6) There shall be paid into said fire and police pension fund the following moneys, to-wit:

"(a) All interest and earnings from the investment of said funds;

"(b) All contributions and donations to the Fire and Police Departments for services by any member or members thereof, except amounts of money donated to provide any medal or permanent competitive award;

"(c) All fines imposed upon members of the Fire and Police Departments for violations of rules and regulations of said departments;

"(d) All proceeds from the sale of unclaimed property;

"(e) All deductions from the salaries of the members of the Fire and Police Departments, as provided for in section 186½ hereof;

"(f) All moneys received from taxes levied and collected for the use of said fund, as hereinbefore in this section provided." (Numbers in parentheses preceding each paragraph added.)

This is the question presented for determination:

*Does the budget required to be prepared by section 186 of the Charter of the City of Los Angeles for the fire and police pension fund consist of and include only the items therein specifically enumerated or does such budget consist of a statement of the total estimated expenditures of the department of pensions for all purposes and a statement of the total esti-*

*mated revenues of the department from sources other than taxation?*

We are of the opinion that the budget required to be prepared by section 186 of the Charter of the City of Los Angeles consists of a statement of the total estimated expenditures of the department of pensions for all purposes and a statement of the total estimated revenues of the department other than from sources of taxation. The word "budget" means a financial statement of the probable revenues and expenditures for the ensuing year. (Webster's New International Dictionary, (1939) vol. I, 349; The Oxford English Dictionary, (1933) vol. I, 1156; Funk & Wagnalls, The Practical Standard Dictionary, (1938) 161; *Rowe* v. *Stanley County,* 52 S. D. 516 [219 N. W. 122, 123]; *White* v. *Harrell,* 236 App. Div. 206 [259 N. Y. Supp. 1, 3]; *Appalachian Electric Power Co.* v. *City of Huntington,* 115 W. Va. 588 [177 S. E. 431, 433]; *Graves* v. *Purcell,* 337 Mo. 574 [85 S. W. 543, 548].)

Applying the foregoing definition to the word "budget" as used in section 186 of the Charter of the City of Los Angeles, it is clear that the budget to be prepared by respondent Board of Pension Commissioners should consist of estimated probable revenues as well as expenditures, and that the words "consist of" as used in the budget mean that the expenditures listed in the budget shall consist of the items thereinafter enumerated.

Petitioners urge that the maxim, "The expression of one thing is the exclusion of the other (*expressio unius est exclusio alterius*)", requires us to hold that, since section 186 of the charter says the "budget" shall "consist of", it limits the items included in the budget to those immediately enumerated thereafter. This rule is inapplicable to the present case, for the reason that by applying it we would not be giving effect to the universally accepted meaning, as stated above, of the word "budget". This would be contrary to the established rule of construction of a statute or charter provision that, if possible, effect must be given to each sentence, word, and phrase thereof and that unless the exigencies of a situation from a consideration of a statute or charter as a whole imperatively demand that some word, phrase, or sentence thereof be disregarded, rendered useless, or deprived of meaning, no such word, phrase, or sentence should be con-

sidered unnecessary or surplusage. (*Estate of Garthwaite,* 131 Cal. App. 321, 324 [21 Pac. (2d) 465].)

It is also argued that the rule, "The mode is the measure of the power", likewise compels us to adopt petitioners' view. This rule is not inconsistent with the construction which we have placed upon the charter provision in question.

■ Finally petitioners claim that, since the Board of Pension Commissioners and City Council of the City of Los Angeles annually from the year 1932 to and including the fiscal year 1938–1939 construed section 186 of the city charter as providing for the mere statement of estimated expenditures, the rule of contemporaneous construction is applicable. This rule is not controlling where, as in the instant case, the construction placed upon sections of a charter is clearly contrary to the provisions of the city charter. (*People* v. *Sergel,* 269 Ill. 619 [110 N. E. 124, 126]; *State* v. *City of Newark,* 50 N. J. L. 126 [10 Atl. 881, 883].)

As it is conceded by all parties to this proceeding that respondent Board of Pension Commissioners prepared and adopted a budget in accordance with the views expressed in this opinion, which budget shows a deficiency of $3,572 between budget requirements and estimated revenues from sources other than taxation, and as it is also conceded that the City Council has refused to levy a tax clearly sufficient to provide for this deficiency, the judgment as to respondent Board of Pension Commissioners is affirmed and the judgment as to the other respondents is reversed with directions to the trial court to issue a writ of mandate conforming to the views herein expressed.

Moore, P. J., and Wood, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1940, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing is denied. Petitioner urges that this court has eliminated from the budget, which section 186 of the Charter of the City of Los Angeles requires respondent Board of Pension Commissioners to prepare, one item which should be included therein, to wit, 4 per cent of the estimated total pay rolls of the fire and

police departments for the next succeeding fiscal year for those members of said departments included within the pension provisions of article XVII. This contention finds no support in the opinion. In the opinion we stated, " . . . it is clear that the budget to be prepared by respondent Board of Pension Commissioners should consist of estimated probable revenues as well as expenditures, and that the words 'consist of' as used in the budget mean that the expenditures listed in the budget shall consist of the items *thereinafter enumerated*". (Italics added.)

Among the items *thereinafter enumerated* in section 186 of the city charter is the item of "a sum equal to 4% of the estimated total pay rolls of the fire and police departments for those members of the said departments included within the pension provisions of this article (XVII) for the next succeeding fiscal year".

Neither do we find any merit in petitioner's contention that the budget as prepared by respondent Board of Pension Commissioners fails to include this item. An examination of petitioner's opening brief, page 31, and respondent's reply brief, page 68, discloses that 4 per cent of the estimated total pay rolls of the fire and police departments for those members of the departments included within the pension provisions of Article XVII of the Charter of the City of Los Angeles for the next fiscal year is $408,321, and that such sum is included in the budget prepared by respondent Board of Pension Commissioners under the item "service-pensions". The name under which an item required by section 186 of the city charter to be included in the budget is actually listed is immaterial. The important factor is whether the item has in fact been included as required by the charter. In the present case, as heretofore pointed out, the requirements of the charter provisions have been met.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1940. Carter, J., voted for a hearing.