[Civ. No. 12706. Second Appellate District, Division Two.—December 31, 1940.]

COUNTY OF LOS ANGELES, Petitioner, v. URBAN EMME, as Municipal Court Clerk, etc., Respondent; CITY OF LOS ANGELES (a Municipal Corporation), Intervener.

J. H. O'Connor, County Counsel, and J. F. Moroney, Deputy County Counsel, for Petitioner.

Ray L. Chesebro, City Attorney, W. Jos. McFarland and Frederick von Schrader, Assistants City Attorney, and John L. Bland, John A. Dundas, Bourke Jones and Wm. U. Handy, Deputies City Attorney, for Respondent.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, John L. Bland and Bourke Jones, Deputies City Attorney, for Intervener.

McCOMB, J.—This is an original application for a writ of mandate to require respondent (clerk of the Municipal Court of the City of Los Angeles) to pay into the county treasury of petitioner (County of Los Angeles) $3,441.50 collected by respondent as fines, the payment of which were conditions precedent to the suspending in part or *in toto* of sentences imposed by the Municipal Court of the City of Los Angeles.

The undisputed facts are: Respondent has collected from various defendants a sum totaling $3,441.50, which he now retains as fines, pursuant to judgments rendered by the Municipal Court, of which the following are typical examples:

(a)

"It is ordered and adjudged by the court that said Jesse Thompson be imprisoned in the City Jail of Los Angeles City for the term of ninety days and the said defendant be discharged at the expiration of said term.

"The foregoing sentence is suspended and defendant placed in the custody and under the supervision of the probation department for six months on the following conditions:

"1. That on or before the 15th day of April, 1940, he pay the sum of $50.00 to the clerk of this court:

"2. That his driver's license be forwarded to Sacramento and suspended for thirty days:

"3. That he report as directed to the probation officer."

(b)

"That said Leonard Sarselli be fined in the sum of $25.00 and that in default of the payment of said fine on or before 5:00 p. m. of April 4, 1940, that said Leonard Sarselli be imprisoned in the City Jail of said Los Angeles City in the proportion of one day's imprisonment for every $5.00 of said fine until said fine be wholly satisfied, not exceeding five days, and that the defendant be discharged on payment of such portion of said fine as shall not have been satisfied by imprisonment at the rate above prescribed—$1.00 of said sentence suspended."

(c)

"That the said Theodore F. Pierce be imprisoned in the City Jail of Los Angeles City for the term of ten days and

the said defendant be discharged at the expiration of said term.

"Sentence suspended on condition that defendant pay $2.00 or serve one day."

(d)

"That defendant (John Doe) is sentenced to 180 days in the City Jail and to pay a fine of $50.00; twenty-five days suspended if the fine is paid."

(e)

"It is ordered and adjudged that upon Count 1 of the complaint (defendant) is sentenced to pay a fine of $100 or serve fifty days, and that upon Count 2 (defendant) pay a fine of $100 or serve thirty days.

"The fine imposed under Count 2 is suspended."

(f)

"The defendant is sentenced to pay a fine of $100.00 or serve 50 days in jail and leave the state upon the payment of the fine or upon completion of the jail sentence (or perform some other condition). The county probation officer is directed to see that the defendant leaves the state (or performs other conditions of probation) in accordance with the terms of the sentence."

This is the sole question necessary for us to determine:

*Are fines paid to the clerk of the Municipal Court of the City of Los Angeles in cases where a portion or all of the sentence of said court has been suspended without referring the case to the probation officer of Los Angeles County, required to be paid into the treasury of the County of Los Angeles by virtue of the provision in section 1203.1 of the Penal Code reading thus:*

*" . . . all fines collected by a County Probation Officer in any of the courts of this state as a condition of the granting of probation or as a part of the terms of probation, shall be paid into the County Treasury and placed in the general fund for the use and benefit of the county."?*

This question must be answered in the negative. We assume that (a) the provisions of section 1203.1 of the Penal Code are applicable to the Municipal Court (*In re Herron,* 217 Cal. 400, 403 [19 Pac. (2d) 4]; *People* v. *Wallach,* 8 Cal. App. (2d) 129, 132 [47 Pac. (2d) 1071]), and (b) the forms of sentences set forth above had the legal effect of granting probation to the various defendants involved (*In re Herron,* 217 Cal. 400, 404 [19 Pac. (2d) 4]).

Section 1203.1 of the Penal Code reads in part thus:

"Any other provision of law to the contrary notwithstanding, all fines collected by a county probation officer in any of the courts of this State, as a condition of the granting of probation, or as a part of the terms of probation, shall be paid into the county treasury and placed in the general fund, for the use and benefit of the county." (Deering's Gen. Laws, 1939 Supp., p. 165.)

■■ The language used by the legislature in the foregoing provision of the Penal Code is clear and unambiguous. It states unequivocally that fines *collected by a county probation officer* as a condition of probation shall be paid into the county treasury. To attempt to construe the provision in question in any other manner would be to violate the established rule of statutory construction in this state that, if possible, effect must be given to each sentence, word, and phrase thereof and that unless the exigencies of a situation from a consideration of a statute or charter as a whole imperatively demand that some word, phrase, or sentence thereof be disregarded, rendered useless, or deprived of meaning, no such word, phrase, or sentence should be considered unnecessary or surplusage. (*Davidson* v. *Burns,* 38 Cal. App. (2d) 188, 191 [100 Pac. (2d) 1105, 101 Pac. (2d) 568].)

Therefore, since under the undisputed facts the probation officer of petitioner did not collect any of the fines which are the subject of the present litigation, a condition precedent to their being paid to petitioner is absent and respondent is entitled to retain them.

■ We find no merit in the contention of the petitioner that it was the purpose of the legislature to provide that all fines paid as a condition of probation were to be paid to the county probation officer and thence to the county treasury. On the contrary it is a matter of common knowledge that judges frequently in granting probation require a defendant to pay a sum of money to a third party as reimbursement for an injury suffered as a result of the wrongful act of the defendant. In the instant case it is very possible that the various judges of the Municipal Court in imposing sentence were of the opinion that as a condition of granting probation the City of Los Angeles should be reimbursed by the defendant for the expense to which the city had been placed in arresting, prosecuting, and convicting him.

In view of our conclusions it is unnecessary for us to discuss the other arguments raised by counsel. Suffice it to say that the various judgments pronounced, of which we have set forth some examples above, are not models to be followed in the future.

For the foregoing reasons a writ of mandate is denied and the alternative writ of mandate heretofore issued is quashed.

Moore, P. J., and Wood, J., concurred.