ENGLAND et al. v. MOORE EQUIP-
MENT CO.

In re FISHER.

No. 6174.

United States District Court
N. D. California, N. D.

March 24, 1950.

Defendant moves for a new trial. The cause was submitted upon a written stipulation of facts. Prior to bankruptcy the bankrupts executed to defendant a chattel mortgage to secure an indebtedness owing by them to defendant. The mortgage was recorded in the County Recorder's office of San Joaquin County. Subsequently they removed the mortgaged personal property to Stanislaus County. The mortgage was never recorded in the latter county. More than thirty days after the removal defendant seized the personal property and sold it pursuant to the terms of the mortgage. At the time of the seizure and sale the mortgagors were insolvent and defendant had reason to believe they were insolvent. Mortgagors subsequently sought relief in bankruptcy and were adjudicated bankrupts. This action was brought by the Trustee in Bankruptcy to recover the value of the property upon the theory that defendant had received a preference through the sale thereof.

Other facts appear in the Opinion to follow.

Shapro & Rothschild by Raymond T. Anixter, San Francisco, Cal., for the plaintiffs.

Jones, Lane & Weaver by Daniel S. Lane, Stockton, Cal., for the defendant.

LEMMON, District Judge (after stating the facts as above).

The validity of the mortgage in controversy has not been attacked up to the time the property, the subject of the mortgage, was removed from San Joaquin County to Stanislaus County. The mortgage appears to have conformed to the law and was a valid and subsisting lien upon the personal property up to that time. At the time the mortgage was executed and recorded the property was located in San Joaquin County. It was later moved to Stanislaus County and remained there more than 30 days, following which the property was taken by

534

the mortgagee on April 8, 1948 and sold by it at private sale on May 1, 1948. The mortgage was never recorded in Stanislaus County, the county in which the property remained after it was removed thereto and up until the time of sale.

■ At common law delivery to and possession by the mortgagee of a mortgaged chattel was required. This has become changed by statute in California and recordation has been substituted for delivery and possession. Ruggles v. Cannedy, 127 Cal. 290, 297, 53 P. 911, 59 P. 827, 46 L.R.A. 371. The authority for the creation of a chattel mortgage in this state derives its source from the statutory enactments and all rights accruing by virtue of such mortgages can be protected and preserved only by fully meeting the requirements of the statute and strictly observing its provisions. Hopper v. Keys, 152 Cal. 488, 92 P. 1017.

Section 3440 of the Civil Code of the State of California was designed to prevent secret liens upon and secret transfers of personal property and requires in order to effect a transfer of personal property that there be an immediate delivery and continued change in possession, without which the transfer is void as to creditors and as to purchasers and encumbrancers in good faith. Mortgages allowed by law are exempted therefrom. Mortgages not executed and recorded as provided by law are subject to the penalty provided under Section 3440. Ruggles v. Cannedy, supra.

There is presented to the Court the question as to whether or not the mortgage, though valid in its inception, was no longer in existence at the time of the private sale above mentioned.

The conditions which must be complied with in the creation of a valid lien upon personal property are found in Section 2957 of the Civil Code. Among other requirements enumerated therein are those for recording of mortgages of property, such as here involved, in the offices of the recorder of the county where the property is located, or the county where the mortgagor resides at the time the mortgage is executed and "in the county to which such property is thereafter removed".

Section 2965 of the Civil Code provides that if mortgaged personal property, such as the property here under consideration, is removed from the county in which it is situated, the lien or mortgage shall not be effected by such removal for a period of 30 days after such removal, but that, after the expiration of the 30 days, the property is exempted from the operation of the mortgage, except as between the parties thereto, until either:

1. The mortgagee causes the mortgage to be recorded in the county to which the property has been removed; or

2. The mortgagee takes possession of the property as prescribed in the next section.

The next section, Section 2966, provides, "If the mortgagor voluntarily removes or permits the removal of the mortgaged property * * * from the county in which it was situated at the time it was mortgaged, the mortgagee may take possession and dispose of the property as a pledge for the payment of the debt, though the debt is not due."

Other sections provide the procedure for sale under pledges. It is agreed that these provisions were not substantially or at all complied with and that the sale was not had as required and provided by these sections. It is the mortgagee's contention that upon taking possession of the property, after the 30 day period, the mortgage and all of its provisions were revived and consequently he was empowered to sell under the terms and provisions of the mortgage and was not limited to foreclose as provided in the Sections dealing with pledges.

■ As has been shown, personal property mortgages exist and have their basis under the Civil Code provisions. If the position taken by the mortgagee is correct the concluding clause of Section 2965 reading "as prescribed in the next section" is meaningless and has no bearing upon the rights of the parties or upon the status of the mortgage. No California case has been called to my attention which decides the question.

With defendant's contention I do not agree. The sections above mentioned are in pari materia. If a mortgage does not conform to the provisions of the statute as to execution and recordation it is of no validity as against creditors. The words

above quoted point to the nature of the possession required in order to revive the mortgage. They are words of qualification. It is not mere possession which satisfies the statute but possession as prescribed by Section 2965, namely for the purpose and to the end of selling the property "as a pledge for the payment of the debt". The possession which the mortgagee obtained was not for that purpose but for the purpose of sale under the terms of the mortgage.

 The interpretation of these related code sections is to be had in the light of the legislative intention. The intent to use meaningless or purposeless words should not be indulged in. French v. Teschemaker, 24 Cal. 518, 557. Words should never be considered unnecessary and surplusage if a reasonable construction can be adopted which will give force to and preserve all of the terms of the statute. People ex rel. Finigan v. Perkins, 85 Cal. 509, 26 P. 245; Gates v. Salmon, 35 Cal. 576; Langenour v. French, 34 Cal. 92; Edwards v. Sweigert, 15 Cal.App. 503, 115 P. 256; Rumetsch v. Oakland, 135 Cal.App. 267, 26 P.2d 677; Davidson v. Burns, 38 Cal.App.2d 188, 100 P.2d 1105, 101 P.2d 568; Los Angeles Co. v. Emme, 42 Cal.App.2d 239, 108 P.2d 695. Effect should be given to every part of these code sections, if such is possible, to the end that the different provisions are harmonized. Had the Legislature intended the result for which defendant contends it had only to omit the clause above mentioned and it would thereby clearly have effected that end. It is the duty of the Court to give effect not only to a statute or code section as a whole but to each and every part thereof—i. e., to every word and clause, and certainly to every distinct or co-ordinate provision or section. 23 Cal.Jur. 758.

It would seem to me that since the property was exempted from the operation of the mortgage it could be only revived by either of the two methods mentioned in Section 2965. Since the mortgage was not recorded in the county to which the property was removed and since it was not possessed for the purpose of sale as a pledge in order to satisfy the debt the sale had was contrary to the statute and amounted to a conversion of the property mortgaged. The mortgagee at the time of sale was in the same position as a mortgagee in possession under an unrecorded chattel mortgage. Loosemore v. Baker, 175 Cal. 420, 166 P. 26; Chelhar v. Acme Garage, 18 Cal.App.2d Supp. 775, 61 P.2d 1232. Defendant received a preference within the four months period. This is voidable at the instance of the trustee in bankruptcy. Noyes v. Bank of Italy, 206 Cal. 266, 274 P. 68.

The motion for a new trial is denied.