[Civ. No. 26095.   Second Dist., Div. Three.   Mar. 2, 1962.]

COUNTY OF LOS ANGELES et al., Petitioners, v. ROSCOE HOLLINGER, as County Auditor, etc., Respondent.

Harold W. Kennedy, County Counsel, J. R. Bennett, Deputy County Counsel, Loeb and Loeb, Alfred I. Rothman and Howard I. Friedman for Petitioners.

Joseph A. Ball for Respondent.

FILES, J.—This case arises on a petition for a writ of mandate filed as an original proceeding in this court. Petitioners ask that the respondent, who is the County Auditor, be ordered to pay moneys due to Festival of Faith and Freedom Foundation under a contract between the county and the Foundation.

The contract in question, dated August 10, 1961, provided that the Foundation would procure the production of Giuseppe Verdi's opera "Nabucco" in Los Angeles on October 30, 1961, for a price of $25,000 to be paid by the county. This contract was made pursuant to Government Code section 25562 which expressly authorizes the board of

supervisors to contract for the production of operas and other cultural events. The Foundation fully performed and then demanded payment. The respondent auditor has declined to issue his warrant in payment because of a suggestion that the contract may be invalid under the provisions of section 30 of article IV of the California Constitution prohibiting the use of public funds in aid of any religious sect, or invalid under the provisions of the First and Fourteenth Amendments to the federal Constitution.

Respondent, through his counsel, has filed a return in which he concedes the facts to be as alleged in the petition, and asks the court to determine whether this use of tax funds would violate either Constitution.

The libretto of the opera, which is in Italian, together with its English translation, has been made a part of the petition. After examining this libretto, together with all of the facts alleged and admitted to be true, the court has concluded that the Festival of Faith and Freedom Foundation is not a religious organization, ''Nabucco'' is not a religious work, and the contract in question does not aid or prefer any religious organization, sect, church or sectarian purpose within the prohibitions of the state and federal Constitutions. The contract is therefore valid and respondent should issue a warrant.

Let a peremptory writ issue as prayed.

Shinn, P. J., and Ford, J., concurred.