[Crim. No. 2331. First Dist., Div. One. Mar. 30, 1945.]

THE PEOPLE, Respondent, v. RALPH OWEN, Appellant.

618

Edward E. Craig for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

WARD, J.—This is an appeal from a judgment and order denying a motion for a new trial following defendant's conviction by a jury of lewd and lascivious conduct as set forth in Penal Code, section 288.

The complainant, a female child of the age of eleven years, and her sister, aged ten, visited defendant's "shack" in the city of Richmond on an afternoon in the early part of July, 1944, upon the invitation of two girl friends to "play house." The defendant worked nights and slept in the daytime. On the occasion of their first visit, the defendant asked the sisters to sit on the bed with him, gave the older a drink of wine, and put his arms around the younger and felt her legs. Upon the discovery of a flea bite, which had begun "to be a big sore," on her buttock, he treated it with mercurochrome and applied a tape. As the children were leaving defendant told them to take some money that was on his dresser and to come again. When the children returned the next day, they again sat on the bed with defendant. At this time he put his arms

around the younger child and kissed her. Again he gave them money. Upon their third visit, the children sat on the bed with him, and after fondling the older child, defendant succeeded in getting her under the covers with him, used cold cream on parts of her body and committed acts with intent as outlined in section 288. The child became frightened and said she had to go home. Again, upon his suggestion, the children took money from the top of the dresser and were invited to return. The mother of the children learned of the source of the money.

On appeal defendant argues that the evidence was insufficient to support the verdict. He states that the contact, if any, between himself and the child "was but for a fleeting moment," and that had he intended to gratify his lust or passions or those of the child, he would not have desisted when she expressed a desire to go home. To support his theory that this evidence is insufficient defendant cites *People* v. *Angier,* 44 Cal.App.2d 417 [112 P.2d 659]. Unless the facts in all essential details are identical the Angier case is not a precedent that need be followed in every case involving sex perversion or lascivious conduct with children. (Pen. Code, §§ 288, 288a.) The facts in the present case differ materially, both in the nature of the offense committed and in the series of acts preliminary thereto.

Intent is manifested by the circumstances connected with the offense. (Pen. Code, § 21.) It should be conceded that the acts performed in this case are of a lustful nature. The intent to arouse the passions of defendant and, as alleged in the information, the child, may be based upon the conduct, manner of performance, etc. of the act. (*People* v. *O'Donnell,* 11 Cal.2d 666 [81 P.2d 939].) Each case must be decided upon the evidence introduced and is not necessarily controlled by a previous decision; it is the evidence introduced in a particular case that determines the guilt or innocence of an accused. "To warrant the rejection of the statements given by a witness who has been believed by a trial court, there must exist either a physical impossibility that they are true, or their falsity must be apparent without resorting to inferences or deductions. [Citing cases.] Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credi-

bility of a witness and the truth or falsity of the facts upon which a determination depends. (*Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal.2d 773, 781 [117 P.2d 850].)'' (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]; see, also, *People* v. *Meyers*, 62 Cal.App.2d 24 [144 P.2d 60].)

■ Defendant complains of the admission of evidence that he treated a flea bite on the buttock of the younger child, and placed his hands upon her legs. In cases of this character evidence is admissible to show or tending to show the lewd and lascivious disposition of the accused.. ■ It is not the accomplishment but the intent of the party that is the basis of the commission of the acts condemned in Penal Code, section 288. (*People* v. *Hunt*, 17 Cal.App.2d 284 [61 P.2d 1208]; *People* v. *Huston, supra.*) ■ Evidence tending to show intent may be introduced, as in this case, by reference to the conduct of the defendant on other recent visits of the same children. It was not error to admit the evidence.

■ The exhibition of a wine jug to the jury, though not introduced in evidence, is not prejudicial error in view of the fact that the complainant testified that wine poured from the jug was served her in a glass. In our opinion the jug might well have been admitted in evidence.

The contention of appellant that as an ex-convict he ''would certainly know enough not to commit a crime in the presence of witnesses'' is a matter that might properly have been presented to the jury had defendant laid the foundation for the admission of such evidence. The defendant did not take the stand.

■ Defendant objects to the court's instruction on his failure to take the stand in his own behalf. The court told the jury: ''The defendant, Ralph Owen did not take the witness stand in his own behalf. In determining his guilt or innocence you are entitled to consider this failure on the part of the defendant Owen to explain or deny by his testimony any evidence or fact in the case against him.'' Defendant concedes that the court could comment on his failure to take the stand (Pen. Code, §§ 1127, 1093), but contends that ''The court may not, however, instruct the jury as a matter of law on those points where the court is merely permitted to comment.'' Defendant confesses that he is unable to find any authority to support his position. Article I, section 13 of the California Constitution provides in part: ''. . . in any crim-

inal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury.'' The trial judge did no more than inform the jury of the right given them by the Constitution, that is, he told them that they were *entitled* to consider defendant's failure to testify, not that they *must* do so. Defendant's contention is therefore without merit.

The judgment and order from which the appeal is taken are affirmed.

Peters, P. J., and Dooling, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 26, 1945.