[Crim. No. 2777.   Third Dist.   Nov. 27, 1957.]

THE PEOPLE, Respondent, v. LESTER FARREL JACKSON et al., Appellants.

Nathan B. McVay and E. Paul Fulfer for Appellants.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Lester Farrel Jackson and Howard Allen were charged by information with the crime of burglary. The superior court granted their motion to set aside the information upon the ground that they had been committed for trial without reasonable or probable cause. Upon appeal this court reversed the order of the trial court (146 Cal.App.2d 553 [303 P.2d 767]) and the said defendants were tried and found guilty. They have appealed from the judgments pronounced upon the jury verdicts.

Appellants do not challenge the sufficiency of the evidence to support the convictions, but their sole contention is that "the conduct of the district attorney in commenting to the jury in his rebuttal argument concerning the failure of defendant Allen to testify in this case amounted to prejudicial misconduct, inasmuch as it was made at a time when the defendant did not have another opportunity to explain why he failed to testify or to defend himself." Before discussing this contention we shall give a brief summary of the evidence.

Mrs. Monica Ney, a resident of Alameda, California, owned a frame two-story dwelling on the old Sonora Road and Twenty-Six Mile Road in Stanislaus County which was unoccupied at the time of the commission of the offense charged. When Mrs. Ney visited the premises on March 3, 1956, she discovered the front dining room door and the back door open, the contents of the house disheveled, and numerous items missing.

Various items which had been taken from the premises were consigned by defendants Jackson and Allen to a used furniture auctioneer in Hayward on March 2, 1956. Those items

not sold were picked up by Jackson and Allen and were sold by them to another antique shop operator in Stockton.

In his negotiations with Mr. McCoy, the dealer in Hayward, defendant Jackson signed his name "Lee Jakson," the latter part of the signature being almost illegible. In his dealings with Mrs. Sasselli, the dealer in Stockton, he gave his name as H. Johnson.

In a conversation with Mr. Bates, a member of the Stanislaus County sheriff's office, Jackson made numerous inconsistent statements. He first denied ever having sold any furniture to Mr. McCoy, but upon further questioning admitted that he had made such a sale. He said he had purchased them from a man known as H. Green. Jackson and Bates went to the defendant's home where he produced a bill of sale purported to be signed by one H. Green.

The appellant Howard Allen also made inconsistent statements to Mr. Bates, at first denying that he had sold any articles to Mr. McCoy, but then admitting the sale.

An examination of the grounds and premises burglarized indicated that three persons probably participated in the burglary as shown by three different sets of footprints. Mr. Bates made an intensive investigation to discover anyone by the name of H. Green, but was unable to find such person.

As to the asserted prejudicial misconduct, the record shows that the following occurred during the district attorney's closing argument to the jury:

"One further comment, I will not dwell on it long, one defendant didn't take the stand, Howard Allen. Ask yourself this: Why didn't Howard Allen take the stand.

"Mr. McVay: I will object to that being brought out, it is not proper rebuttal argument.

"The Court: Objection sustained. This is supposed to be in rebuttal of their argument.

"Mr. Wolfe: All right."

Appellants do not question the right of a district attorney to comment on the fact that a defendant fails to testify. They concede that the former rule was changed by an amendment to our state Constitution in 1934 which provides in part that "in any criminal case, whether the defendant testifies or not, his failure to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by the court and by counsel, and may be considered by the court or the jury." They concede, also, that section 1323 of the Penal Code, as amended following the adoption of the

constitutional amendment, provides in part: "The failure of the defendant to explain or to deny by his testimony any evidence or facts in the case against him may be commented upon by counsel."

The burden of the argument of appellants is that the comment of the district attorney was highly prejudicial because it was made at a time when the defendant Allen had no opportunity to reply or explain. They argue that even if they had made a motion to strike, or had made a request that the jury be instructed to disregard the statement of the district attorney, the harmful effect of the comment would not have been cured.

In view of the constitutional provision and of section 1323 of the Penal Code there is of course no doubt as to the right of the district attorney and the court to comment on the failure of the defendant to testify. The usual time for the district attorney to make such comment would be in his opening argument, but we do not believe that it is necessarily misconduct for him to comment upon it in his closing argument. If he does so comment and counsel for defendant desires to reply to it he should, and undoubtedly would, be permitted by the court to do so. However, it is difficult to understand how the comment can reasonably be held to have been prejudicial in the instant case. The jury was of course aware that defendant Allen did not testify, and the question that the district attorney asked the jury to ask themselves was a question that every juror asks when a defendant does not take the stand in his own defense. Furthermore, under the constitutional provision hereinbefore quoted and Penal Code, section 1127, the judge is authorized to comment upon the failure of a defendant to testify and may include such comment in his instructions to the jury after both sides have concluded all of their arguments. It has been held that the court's comment upon such fact and its instructions to the jury that they may take such matter into consideration do not violate any right of a defendant. (*People* v. *Cowan*, 44 Cal.App.2d 155 [112 P.2d 62] ; *People* v. *Adamson*, 27 Cal. 2d 478 [165 P.2d 3], affirmed 332 U.S. 46 [67 S.Ct. 1672, 91 L.Ed. 1903, 171 A.L.R. 1223].) See also *People* v. *King*, 103 Cal.App.2d 122 [229 P.2d 20] ; *People* v. *Owen*, 68 Cal. App.2d 617 [157 P.2d 432] ; *People* v. *Weatherford*, 78 Cal. App.2d 669 [178 P.2d 816].

The judgments are affirmed.

Van Dyke, P. J., and Peek, J., concurred.