77 Cal.Rptr. 741]

[Crim. No. 7378.   First Dist., Div. One.   May 15, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH ALFORD COLLINS et al., Defendants and Appellants.

Sheldon Portman, Public Defender, and Taketsugu Takei, Deputy Public Defender, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, Robert R. Granucci and Michael J. Kelly, Deputy Attorneys General, for Plaintiff and Respondent.

ELKINGTON, J.—Defendants Ralph Collins and Nathaniel Malone, having waived trial by jury, were found guilty by the court of a violation of Penal Code section 464. After judgment imposing suspended state prison sentences, they were placed on probation. Their appeal is from the judgment.

The record discloses the following. "Maximart" is a discount store in Palo Alto. It occupies a building at the rear of which is a large storeroom, separated from the public store portion by a concrete block wall. The storeroom may be entered by means of a metal-covered wooden door. When the store is closed this door is kept locked. The rear and side walls of the storeroom are outer walls of the building and consist of corrugated sheet iron.

On February 14, 1968, about 1:30 a.m., defendants, by means of an acetylene torch, cut a hole in the rear wall of the building, thereby gaining entrance into the storeroom. They proceeded to the metal-covered storeroom door and endeavored to cut its lock (on the reverse side) using their torch. Unfortunately for them a silent burglar alarm had been tripped and they were apprehended by the police.

As relevant here section 464 provides: "Any person who, with intent to commit crime, enters . . . any building, . . . and opens or attempts to open any vault, safe, or other secure place by use of acetylene torch . . . is guilty of burglary with explosives."[1]

---

[1]The full text of Penal Code section 464 follows:

"Any person who, with intent to commit crime, enters either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by use of acetylene torch or electric arc or nitroglycerine, dynamite, gunpowder, or any other explosive, is guilty of burglary with explosives.

"Any person duly convicted of burglary with explosives shall be

Defendants' principal contention is that the evidence does not support a determination that the storeroom which they entered by means of the acetylene torch was a "vault, safe, or other secure place" within the meaning of section 464. Specifically they point out that a safe has been defined as a receptacle in which valuables are placed to complete their safety (*Columbia Cas. Co.* v. *Rogers Co.*, 157 Ga. 158 [121 S.E. 224, 225]); or a "metal receptacle for the preservation of valuables" (Black's Law Dictionary (4th ed. 1951); or a "metal box or chest sometimes built into a wall or vault to protect money or other valuables against fire or burglary" (Webster's New Internat. Dict. (1961 ed.)). This last cited reference defines vault as "a room for the safekeeping of valuables and commonly built of steel. . . . a special compartment usually in a piece of office equipment for the safekeeping of money."

It seems clear to us that when the Legislature used the words "vault" and "safe" in section 464, it intended to give them their ordinary and popular meaning (see *County of Los Angeles* v. *Craig*, 38 Cal.App.2d 58, 61 [100 P.2d 818]); it also seems clear that the storeroom here in question would be neither a "vault" nor a "safe" as those words are commonly used. Our inquiry, therefore, is directed at the meaning of the additional language, "or other secure place."

It is a principle of long standing that where general words in a statute follow specific words, the general words should be interpreted as referring to things or matters of the same general nature or class as those specifically enumerated. (*People* v. *Wolff*, 61 Cal.2d 795, 821 [40 Cal.Rptr. 271, 394 P.2d 959]; *In re Marquez*, 3 Cal.2d 625, 629 [45 P.2d 342]; *Pasadena University* v. *Los Angeles County*, 190 Cal. 786, 790 [214 P. 868]; *People* v. *McKean*, 76 Cal.App. 114, 119-121 [243 P. 898]; *People* v. *Strickler*, 25 Cal.App. 60, 64-65 [142 P. 1121]; Civ. Code, § 3534.) And also it must be presumed that the Legislature intended each and every word or phrase to have some meaning and serve some useful purpose. (*Prager* v. *Isreal*, 15 Cal.2d 89, 93 [98 P.2d 729].) "[I]f possible, effect must be given to each sentence, word, and phrase thereof and that unless the exigencies of a situation from a consideration of a statute or charter as a whole imperatively demand that some word, phrase, or sentence thereof be

deemed to be guilty of a felony and shall be punished by imprisonment in the State prison for a term of not less than ten years nor more than forty years."

disregarded, rendered useless, or deprived of meaning, no such word, phrase, or sentence should be considered unnecessary or surplusage. [Citation.]'' (*County of Los Angeles* v. *Emme* (1940) 42 Cal.App.2d 239, 242 [108 P.2d 695].)

Returning to the language in question, it must be presumed that the words, ''other secure place'' were intended to have some meaning. If the Legislature had meant to prohibit the use of explosives on only vaults and safes, its addition of the language ''or other secure place'' would amount to no more than an idle act, and the words would be mere surplusage. On the other hand, it should not be assumed that the Legislature was concerned with *any* secure place, such as a locked closet, or the words ''vault'' and ''safe'' would have been mere surplusage. Giving effect to both phrases, it must be concluded that the additional words ''other secure place'' were intended to embrace some place different from a vault or safe, which place, like a vault or a safe, was designed or used for the purpose of keeping therein valuables, but which lacks the substantial impenetrability characteristic of the commonly known, heavily protected and often armored vault or safe.

In our opinion such a construction best lends itself to carrying out the purposes for which section 464 was designed. The gist of the offense proscribed by section 464 is the use or attempted use of explosives in the commission of a burglary. and for such use this section imposes the most severe penalty of the burglary statutes contained in the Penal Code. We ascertain that the primary purpose of section 464 is to discourage the burglar who, when confronted with a depository of substantial impenetrability, uses explosives, or an acetylene torch, to effect his entry. Such a method, unlike a burglary by circumventing locks, carries with it a substantial risk that human life will become endangered. (*In re Wilson*, 196 Cal. 515, 523 [238 P. 359].)

In light of this construction, we conclude that what is a ''secure place'' within section 464 is a question of fact for the court or jury below, and its determination must be upheld unless it can be said as a matter of law that the evidence is insufficient. As we indicated above, the storeroom in question had sheet iron and masonry walls. The security of the room was improved by the installation of a ''metal-clad'' door which after closing hours was secured by what were described as a ''steel lock,'' ''steel lock brackets'' and a ''steel door stop.'' On this evidence the trial court could reasonably have found that the storeroom was a ''secure place''

within the intent and meaning of Penal Code section 464.

■ Defendants also point out that their entries into the building and into the alleged "secure place" were simultaneous. They contend that in order to have violated section 464 they must first have entered the building and *thereafter* opened or attempted to open the secure place by means of an acetylene torch. We cannot accept this contention. The statute covers any person who enters a building *and* opens a secure place by use of an acetylene torch. No intent is indicated that one act shall precede the other; it is required only that both be committed. Common definitions of the word "and" are stated by Webster's New International Dictionary (2d ed. 1953) as "Expressing the general relation of connection or addition, esp. accompaniment, participation, combination . . . simultaneity . . .; thus: along or together with; . . . as well as; as without ceasing; as at the same time, . . ." Here, when defendants burned their way through the outer wall of the building they accomplished both an entry of the building and the opening of a secure place in the manner proscribed by section 464.

The judgment is affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 9, 1969.