[No. F015756. Fifth Dist. Dec. 4, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN ALAN WALLACE, Defendant and Appellant.

**COUNSEL**

Donald I. Segerstrom, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, acting Assistant Attorney General, Michael Weinberger and W. Scott Thorpe, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**FRANSON, J.\***—Defendant John Alan Wallace appeals from the judgment of convictions following his jury trial on charges of violating: Penal Code[1] section 288, subdivision (c), a lewd and lascivious act upon a minor by a person with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, a felony (counts I & II); section 311.4, subdivision (c), inducing a minor to engage in preparing a film involving sexual conduct, a felony (count III); and section 647.6, annoying or molesting of children under the age of 18, a misdemeanor (count V).[2] The case arises out of defendant's attempt to persuade two 15-year-old girls to do a striptease while he videotaped them. Defendant's appeal relates primarily to questions of whether the girls' conduct as depicted on the videotape constituted lewd or lascivious acts for purposes of section 288 and whether the jury instructions correctly defined the crimes charged.

To resolve these issues, this court must decided whether section 288 proscribes *any* touching (upon the body of a minor) plus the requisite specific intent, or a *lewd or lascivious touching* with the requisite specific intent. As we shall explain, contrary to dicta in several reported cases, we hold a defendant must touch the victim either directly or indirectly in a lewd or lascivious manner to violate the statute. Further we hold the touching must involve a sexual act. Thus, an innocuous or innocent touching even with the required intent will not suffice.

Although the evidence in this case was close, it did support a rational inference that appellant touched the victims in a lewd and sexual manner. Nevertheless, the jury instructions on the essential elements of the crime (CALJIC No. 10.42.5 (5th ed. 1989)) were erroneous in that they defined the crime as "any touching" of the body of the child with the required specific intent. There was no instruction that the touching itself had to be lewd or lascivious and sexual. Further, the prosecutor misled the jury by telling them "any touching," innocuous or otherwise, would suffice to violate the statute, provided the defendant had the requisite specific intent at the time of the touching. We hold the instructional error was prejudicial as to counts I and II.

We also hold the instructional error in the definition of a lewd or lacivious act under section 288, subdivision (c) tainted the instruction given to the jury

---

\*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]The court denied defendant probation, sentenced him to serve a 16-month term on count III and ordered mitigated 1-year terms on the remaining counts to be served concurrently. Defendant is out on bail pending appeal.

on the alleged violation of section 311.4, subdivision (c). This latter statute prohibits inducing a minor to pose or model in the preparation of a film involving "sexual conduct" which, among other things, means "any lewd or lascivious *sexual act* as defined in Section 288." (§ 311.4, subds. (c) & (d).) Because neither section 288 nor the instructions given defined the term "lewd or lascivious sexual act" and because the instructions given were misleading as noted above, the conviction on count III also must be reversed.

Finally, in the absence of any attack on the misdemeanor conviction (§ 647.6), we affirm count V.

### STATEMENT OF FACTS

One afternoon in July of 1990, five teenage acquaintances of defendant stopped by his home on their way to a waterslide park. There were three boys and two girls; the girls, Tina B. and Jenny H., were both fifteen years old. Defendant was 39 years old at the time. The teenagers purportedly went to defendant's home to use his washer and dryer. While they were in his home, defendant filmed the girls on videotape.

The videotape (exhibit 22) depicts the following. It begins as Tina takes off her top in a seductive manner. A man (later identified as defendant) says "Are we loving this or what?" She then takes off her pants, leaving herself dressed in a bikini. She shows her tan lines and slaps her buttocks. At this point, she pulls up on Jenny's tank top revealing her midriff. Next, one of the boys appears and tries to pull down Tina's bikini top. Tina shows her tan lines once again for the camera.

Defendant is then heard to say: "Are we loving this? Jenny, take everything off! Do I get a better show? Go ahead and play a trick on her [Jenny]. Is there going to be a better show?"

In turn, one of the boys pulls down Tina's bikini top to reveal her breasts and Tina does the same to herself. Then, defendant calls out: "Jenny, you're next. You don't have to pull it down, just pull it [her tank top] up." Jenny and Tina only go so far as to pull at their bikinis to show their tan lines. They then kiss the camera and the videotape stops briefly.

At this time, the teenagers left defendant's home for the waterslide park. They returned later, however, and defendant began to record the girls with his videocamera once more.

This portion of the videotape begins with the girls brushing their hair. They then take off their tank tops, swing them around and slowly remove

their shorts as though they were doing a striptease. The girls are still clothed in their bikinis. Defendant says "This is wonderful!" Tina bounces up and down so that her bikini top moves; she refers to her breasts as "bouncing babies."

Defendant then says to Jenny "Take some of that butt off!" He later corrects himself, explaining he meant to say take some of "the clothes" off. Jenny responds by starting to pull down on the rear portion of her underpants.

Next, one of the boys grabs one of Tina's breasts in his hand and jostles it. Tina then bends down to stick out her buttocks to one of the boys. When one of them tries to pull at Tina's bikini bottom, she immediately stands upright. Meanwhile, defendant twice says to the girls: "Get some clothes on and do a strip."

The girls are next seen in a laundry room pulling clothes out from a dryer. After this, Tina appears in another room. She bends over to take off her bikini bottom and put on some underpants. She does so in such a way that the viewer cannot see her lower torso or buttocks. Defendant twice says during this sequence "That is slick." Then Tina shows off for the camera the writing "Tina N Casey" on the back of her underpants. She finishes dressing and then looks at her hair in a mirror.

After this, one of the boys starts to slowly undress Tina. Defendant says "Bend over so I can see that [the 'Tina N Casey' writing on the girl's underpants]." Tina remains in her underwear however.

One of the boys then helps undress Jenny down to her underwear. Defendant responds by saying: "You get to bend over, Jenny." She bends over so that her backside is facing the camera. Defendant remarked "That's good. You didn't have an ass on you like that when you were eight years old."

At this point, the girls put on their street clothes. Then Tina appears to take off a bra while her back is to the camera. Defendant tells her to "Just turn sideways" to the camera. She does so as she finishes taking off the bra. Defendant responds "Oh, yeah, that was a good shot." The videotape ends as the girls once again approach the camera lens and kiss it. Throughout the videotape, defendant frequently focuses the camera on the girls' buttocks and breasts. The entire tape lasts approximately 12 minutes.

Substantial evidence was presented to show that when defendant encouraged the teenagers' conduct and filmed them, he did so with the specific

intent of "arousing, appealing to or gratifying [his] lust or passions or sexual desires" (§ 288) and the intent to sexually stimulate the viewer (§ 311.4, subd. (b)). The jury's implied finding against defendant on this issue is not challenged on appeal.

DISCUSSION

## I. TOUCHING REQUIRED FOR VIOLATION OF SECTION 288.

Section 288 provides in relevant part:

"(a) Any person who shall willfully and lewdly *commit any lewd or lascivious act* including any of the acts constituting other crimes provided for in Part 1 of this code *upon or with the body*, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

"·    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"(c) Any person who commits an act described in subdivision (a) with the intent described in that subdivision, and the victim is a child of 14 or 15 years, and the defendant is at least 10 years older than the child, shall be guilty of a public offense and shall be imprisoned in the state prison for one, two, or three years, or by imprisonment in the county jail for not more than one year." (Italics added.)

A lewd act for purposes of section 288 requires a touching. (*People v. Austin* (1980) 111 Cal.App.3d 110, 113 [168 Cal.Rptr. 401].) However, the necessary touching may be done by the child victim or by a third party on the child's own person at the instigation of the defendant. (*Id.* at pp. 114-119.) Further, as this court explained in *People v. Pitts* (1990) 223 Cal.App.3d 606, 887 [273 Cal.Rptr. 757], a lewd or lascivious act is one which is sexually unchaste or licentious, suggestive of or tending to moral looseness, inciting to sensual desire or imagination, inclined to lechery, or tending to arouse sexual desire.

The video film shows innumerable "touchings" of the girls' bodies by both the girls and their boyfriends that were not themselves lewd or lascivious. Nevertheless, there was credible evidence from which the jury could draw rational inferences that defendant did commit two or three lewd acts on the body of the victims. Defendant encouraged two 15-year-old girls

to expose their bodies while he filmed them. In the first segment of the tape, Tina exposed her breasts and Jenny pulled down a portion of her underpants. All the while, defendant made comments such as: "Are we this loving this?"; "Do I get a better show?"; "Jenny, take everything off!"; and, "This is wonderful." During the second portion of the tape, defendant urged the girls, who were dressed in their bathing suits, to "get some clothes on and do a strip." After putting on some clothing, each girl then undressed down to her underwear with the help of the boys. All of this was done in a show-like atmosphere resembling a striptease.

While this conduct might not be characterized as lewd or lascivious if performed by consenting adults, it reasonably could be viewed by a jury as such when performed by 15-year-old girls. Simply put, this was not an innocuous filming of two teenagers changing their clothes before and after going swimming.

Defendant argues, with one exception, the girls' breasts or genitalia were not exposed as though such a circumstance would make a difference. Conspicuously absent, however, is any authority for the position that exposure of breasts or genitalia is a prerequisite for a section 288 conviction. In fact, the statute and case law interpreting it say nothing about exposure of sexual organs as a necessary element for conviction. Rather, the code speaks broadly of "any lewd or lascivious act . . . upon or with the body, or any part or member thereof . . . ." (§ 288, subd. (a).) Further, as the court observed in *People* v. *Dontanville* (1970) 10 Cal.App.3d 783, 796 [89 Cal.Rptr. 172], "[i]t is not necessary that the private parts of the body be touched to sustain a conviction under [section 288]."

We turn now to what we perceive to be instructional error in the lewd and lascivious counts. In *People* v. *Austin, supra,* 111 Cal.App.3d 110, this court reviewed a dismissal (§ 995) of a section 288 charge on the ground no touching had occurred. The accused, armed with an open knife in his hand, offered to pay a child to pull down her pants. When the girl was indecisive, the accused pushed and guided her to a nearby orange grove. Once in the grove, the child complied with the man's request and pulled down her pants. When he asked to touch her, she declined and left. (*Id.* at p. 112.)

Concluding there must be a touching for the commission of a section 288 offense, this court held there was a touching when the little girl removed her pants at the defendant's request. (111 Cal.App.3d at pp. 112-114.) We reasoned the touching necessary to violate section 288 could be done by the child victim on his or her own person provided the touching was at the

instigation of a person who had the required specific intent. (111 Cal.App.3d at pp. 114-115; see also *People* v. *Meacham* (1984) 152 Cal.App.3d 142, 152-153 [199 Cal.Rptr. 586].)

However, before reaching this conclusion, this court wrote by way of dicta that the contact between the accused and his victim before they entered the orange grove could also have been a sufficient touching if, contemporaneously with the touching, the accused had the required specific intent.

"Whether, as respondent claims, the act of physically pushing M. while holding an open knife and compelling her to travel some 60 to 70 feet to the orange grove is more innocent than the conduct of the defendant in [*People* v.] *Webb* [(1958) 158 Cal.App.2d 537 (323 P.2d 141)] (putting defendant's arm around the boy's shoulder while walking to a bungalow (*id.* at p. 542)) is questionable. According to the testimony, Austin had declared at least a portion of his lustful desires at the church steps. By implication, he wanted the child's privates exposed.

"It may be argued that Austin's touching [pushing and guiding to the orange grove] was not done with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of himself or of Ms. M., but was done merely to place the child in a more secluded area where he might then, with the required specific intent, physically contact her. However, *Austin's contact would be sufficient providing it was done for the purpose of some immediate sexual gratification.* We can not say as a matter of law that his actual touching was divorced from concurrent sexual stimulation. Such a determination was for the trier of fact." (*Austin, supra,* 111 Cal.App.3d at pp. 113-114, italics added.)

We believe it should have been apparent that the girl's dropping of her pants, apparently to expose her pubic area at the defendant's request, constituted the indirect, i.e., constructive, commission of a lewd and lacivious act by the defendant on the girl's body. Thus, it was unnecessary for the *Austin* court to state the defendant's earlier touching in guiding the girl to the secluded place would qualify as a lewd act provided only that it was done with the specific intent of arousing the defendant's sexual passions.

As Justice Hopper forcefully stated in his dissent:

"In the zealous quest to bring respondent to 'justice,' the majority opinion makes no effort to distinguish *People* v. *Webb* (1958) 158 Cal.App.2d 537 [323 P.2d 141]. *Webb* held that a defendant's conviction of section 288 could be based on an act of oral copulation but not on the defendant's act of

placing his arm around the victim's shoulder as he led him into the bungalow where the oral copulation occurred. (*Id.* at p. 542.)

"As *Webb* makes clear (*id.*, at p. 542)—and the majority opinion obfuscates—lustful intent plus an innocuous touching preparatory to the ultimate lewd or lascivious act does not a section 288 violation make. (See also *People* v. *Jones* (1964) 225 Cal.App.2d 598, 608 [37 Cal.Rptr. 454].)" (*Austin*, 111 Cal.App.3d at pp. 117-118 (dis. opn. of Hopper, J.).)

A decade later, this court in *People* v. *Pitts, supra,* 223 Cal.App.3d 606, 886-890 addressed whether compelling a child to drink urine from a container constituted a lewd act and involved a touching for purposes of section 288. One of the defendants in *Pitts* had urinated in a container and then forced three boys to put the container to their mouths and drink some of the urine. All the while, other defendants who were naked watched the boys and laughed. We concluded under the circumstances of the case, in essence a sexual orgy, there was sufficient evidence that forcing the children to drink urine constituted a lewd act. (*Pitts, supra,* 223 Cal.App.3d at pp. 887, 888-889.)

This court began its analysis by defining the words "lewd" and "lascivious."

"Webster's Third New International Dictionary (1986) partially defines 'lewd' as: '2 a: sexually unchaste or licentious: DISSOLUTE, LASCIVIOUS b: suggestive of or tending to moral looseness: inciting to sensual desire or imagination: INDECENT, OBSCENE, SALACIOUS . . . .'

" 'Lascivious' is defined as '1: inclined to lechery: LEWD, LUSTFUL . . . 2: tending to arouse sexual desire: LIBIDINOUS, SALACIOUS . . . .' " (*Pitts, supra,* 223 Cal.App.3d at p. 887.)

If the *Pitts* court had stopped its analysis at this point by holding that forcing a child to drink urine during a sexual orgy constituted the commission of a lewd or lascivious act on the child, the opinion in our view would have been without controversy. However, again by dicta, the court observed:

"Virtually *any act* can fit this description [of a lewd or lascivious act], depending upon the intent *with which it is done.* As stated in *People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 192 [240 P.2d 411]: 'Section 288 of the Penal Code was enacted to protect children from the lustful advances and tamperings of callous and unscrupulous persons as well as from the assaults of

depraved unfortunates. In all cases arising under this statute the purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done. In *People* v. *Owen* [(1945)] 68 Cal.App.2d 617, 620 [citation], it is said that "It is not the accomplishment but the intent of the party that is the basis of the commission of the acts condemned in Penal Code section 288." *If intent of the act, although it may have the outward appearance of innocence, is to arouse, or appeal to, or gratify the lust, the passion or the sexual desire of the* perpetrator *it stands condemned by the statute, or, if it is intended to arouse feelings of passion or sexual desire in the* child, *it likewise stands condemned.'* " (*Pitts, supra,* 223 Cal.App.3d at p. 887; italics added to first sentence and entire last sentence.)

The underscored language from *Pitts* along with the language in *Austin* means essentially that any act of touching, however innocent it may be, if coupled with the requisite intent equals a lewd or lacivious act for purposes of section 288.

The notable thing about *Austin*, *Pitts*, and the cases to which they cited is that not one of the courts in these decisions had to resort to an "*any act* plus intent" analysis in order to find a lewd act. As previously observed, in *Austin*, the defendant caused a little girl to pull her pants down ostensibly to expose her pubic area and expressed a desire to touch her. In *Pitts*, it was forcing a child to drink urine in front of adults engaged in an orgy. In *Meacham, supra,* 152 Cal.App.3d at 142, 146-152, the defendant caused a number of preschool children to touch their own genitalia as he photographed them. In *People* v. *Hobbs* (1952) 109 Cal.App.2d 189, 190-191 [240 P.2d 411], the defendant passionately kissed a 12-year-old girl in the cab of a truck while they both lay down on the seat; as they kissed, the defendant had his hand underneath the girl's skirt on her leg. In *Owen*, a decision cited by the *Hobbs* court, the defendant fondled an 11-year-old girl, and having succeeded in getting her in bed with him, "used cold cream on parts of her body and committed acts with intent as outlined in section 288." (*People* v. *Owen* (1945) 68 Cal.App.2d 617, 619 [157 P.2d 432].) None of the acts here described could be characterized as ambiguous, let alone as bearing an outward appearance of innocence.

The language in the cases including *Austin* and *Pitts* which suggest any act regardless of its innocence is sufficient to constitute a conviction under section 288 is contrary to the express language of the statute. Section 288 mandates the commission of a lewd or lascivious act upon or with the body of the victim, separate and apart from the intent of the perpetrator. If this

were not the law a defendant could be convicted for his or her thoughts, regardless of his or her deeds.

The court in this case instructed the jury pursuant to CALJIC No. 10.42.5 (5th ed. 1989), which, in pertinent part, defines a lewd or lascivious act according to the *Austin-Pitts* dicta, i.e., "*any touching* of the body of the child with the specific intent to arouse, appeal to, or gratify the sexual desires of either party."

Respondent contends the California Supreme Court in *People* v. *Mickle* (1991) 54 Cal.3d 140 [284 Cal.Rptr. 511, 814 P.2d 290] has endorsed the CALJIC definition of a lewd or lascivious act. We believe the People misread *Mickle*. At issue was a special instruction which informed the jury:

". . . *Where a person compels a child under the age of 14 to remove the child's own clothing, and that person has the specific intent [described above], such person may be guilty of a lewd or lascivious act in violation of [section 288(a)]. No touching of the child by the person is required. . . ."* (*Mickle, supra,* 54 Cal.3d at p. 176, fn. 18, brackets in original.)

Mickle argued the use of "and" in the special instruction misled the jury to believe the sexual intent could have been focused solely on some future unrealized act. The court disagreed. (*Mickle, supra,* 54 Cal.3d at p. 176.)

Contrary to the People's argument in the present case, the *Mickle* court did not address the "any touching" issue.

Thus, in our view, the CALJIC definition of a lewd or lascivious act is erroneous. The words "a lewd or lascivious act" should be given their plain meaning. In this regard, we offer the following definition:

A lewd or lascivious act is defined as any touching of the body of a child which to an *objectively reasonable person* is sexually indecent or tends to arouse sexual desire. (See Webster's 3d New Internat. Dict. (1986) pp. 1274, 1301.) In sum, it is a sexual act.

The application of an objective standard to determine the commission of a lewd or lascivious sexual act is consistent with the requirement that in every crime there must exist a union or joint operation of act (the actus reus) and criminal intent or negligence (the mens rea). (§ 20.) This reflects

the general principle that a mere intention of the accused to commit a crime or his belief that he is committing a crime, does not give rise to criminal liability. Apart from the mens rea, there must be some act or conduct in violation of law which itself is socially harmful. (See Perkins & Boyce, Criminal Law (3d ed. 1982) pp. 830-831; 1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) Elements of Crime, § 114, p. 135.)

■ The removal of an essential element of the crime charged from the jury's consideration normally constitutes a denial of federal due process principles which require the prosecution to prove beyond a reasonable doubt every fact necessary to convict under the statute. (*People* v. *Garcia* (1984) 36 Cal.3d 539, 550-551 [205 Cal.Rptr. 265, 684 P.2d 826].) Although this type of error formerly was reversible-per-se under California law, it is now evaluated under the *Chapman* "beyond a reasonable doubt" standard. (*Rose* v. *Clark* (1986) 478 U.S. 570, 580-582 [92 L.Ed.2d 460, 471-474, 106 S.Ct. 3101]; *Chapman* v. *California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065]; *People* v. *Lee* (1987) 43 Cal.3d 666, 676 [238 Cal.Rptr. 406, 738 P.2d 752].)

■ Here, the trial court failed to instruct the jury that an essential element of the crime charged was that the defendant's touching of the victims had to be lewd and lascivious, regardless of his specific intent. Further, the prosecutor misled the jury by arguing that "any" touching, however innocuous, such as brushing a child's hair or touching a child's arm with the requisite specific intent would satisfy the statute. Finally, the film showed many instances of touching of the victims' bodies by the defendant that were not lewd in nature but which the jury could have found to be lewd under the instruction given. Thus, we cannot possibly find that the instructional error was harmless beyond a reasonable doubt as to counts I and II.

## II.  THE TOUCHING REQUIRED FOR VIOLATION OF SECTION 311.4.

*Lewd or lascivious sexual act*

Section 311.4 provides in relevant part:

"(c)  Every person who, with knowledge that a person is a minor under the age of 17 years, . . . knowingly . . . persuades, induces, or coerces [the minor] . . . to engage in or assist others to engage in either posing or modeling alone or with others for purposes of preparing a film, photograph, negative, slide, or live performance involving *sexual conduct* by [the minor]

. . . is guilty of a felony. It shall not be necessary to prove commercial purposes in order to establish a violation of this subdivision.

"(d)   As used in subdivisions (b) and (c), 'sexual conduct' means any of the following, whether actual or simulated: . . . exhibition of the genitals, pubic or rectal area for the purpose of sexual stimulation of the viewer, *any lewd or lascivious sexual act as defined in Section 288*, . . . An act is simulated when it gives the appearance of being sexual conduct." (italics added.)

■   The courts must presume the Legislature intended each and every word or phrase in a statute to have some meaning and serve some useful purpose. (*People* v. *Collins* (1969) 273 Cal.App.2d 1, 4 [77 Cal.Rptr. 741].) ■   Since sections 288 and 311.4 cover the same subject matter, we should construe them together so as to harmonize them, and if possible, maintain the integrity of both statutes. (*People* v. *Encerti* (1982) 130 Cal.App.3d 791, 797 [182 Cal.Rptr. 139].) Accordingly, we read section 311.4, subdivision (c) to proscribe the same type of acts prohibited by section 288, i.e., a lewd or lascivious sexual act.

In the information, the People did not allege any specific sexual conduct by the two girls. Instead, they simply pled "a film, photograph, negative, slide, or live performance, involving sexual conduct by any minor." At the instructional phase, the judge advised the jury:

". . . every person who, with knowledge that a person is a minor under the age of seventeen years, knowingly promotes, employs, uses, persuades, induces or coerces a minor, under the age of seventeen years, to engage in, or to assist others to engage in either posing, or modeling, alone or with others, for purposes of preparing a film, photograph, negative or slide involving sexual conduct by a minor under the age of seventeen, is guilty of the crime of depicting the sexual conduct of a minor in a photograph, in violation of Section 311.4, Subdivision C, of the Penal Code.

"In order to prove a violation of Penal Code Section 311.4, subdivision C, it is not necessary to prove that the photograph was taken for commercial purposes.

"For the purpose of this trial, *the sexual conduct means any of the following*:

"Whether actual or simulated, exhibition of the genitals, pubic or rectal area for the purpose of sexual stimulation of the viewer, *or any lewd or*

*lascivious sexual act as defined in the preceding instructions*, whether or not any of the above conduct is performed alone, or between members of the same, or the, or [sic] opposite sex.

"An act is simulated when it gives the appearance of being sexual conduct." (Italics added.)

The problem with the section 311.4 instruction was it informed the jury that one of the types of "sexual conduct" for which the appellant could be convicted was "any lewd or lascivious *sexual act* as defined in the preceding instructions." However, nowhere in the instructions given was a lewd or lascivious *sexual* act defined; rather, as previously noted, a "lewd or lascivious act" was defined as *any* touching of the child with lewd intent (CALJIC No. 10.42.5 (5th ed. 1989)). Thus, the jury could have found that any touching of the minors done with the required specific intent was sufficient to satisfy the statute.

By the court's reference in its section 311.4 instructions to a previously given inaccurate definition of a lewd and lascivious act under section 288 (CALJIC No. 10.42.5), the instruction defining a violation of section 311.4 was erroneous on an essential element of the crime charged. Again, under the circumstances, we cannot find beyond a reasonable doubt the error did not contribute to the verdict on count III. (*Chapman* v. *California, supra,* 386 U.S. at p. 24 [17 L.Ed.2d at pp. 710-711].)

■ Respondent seeks to save the conviction on count III by arguing the girls exhibited their genitals, pubic, or rectal area *by simulation* during the filming. Respondent concedes the girls did not actually exhibit their genital, pubic or rectal areas. At most, Tina exposed her breasts. Such an act did not constitute the prohibited exhibition under section 311.4.

According to defendant, respondent's argument about a simulated exhibition not only raises a question of substantial evidence, but also one of constitutional integrity. According to defendant, there can be no such thing as a "simulated . . . exhibition of the genitals, pubic, or rectal area"; either these areas are exposed to view or they are not. If these portions of the body are covered with clothing, then there would be no simulated exhibition. Defendant claims the statute would then "encompass almost *all* photographs, videos or motion pictures depicting the human form" and thereby reach "an absurd and unjust result." Thus, in defendant's estimation, the statute is overbroad and therefore unconstitutional.

We will avoid a constitutional analysis (cf. *People* v. *Superior Court* (*Elder*) (1988) 201 Cal.App.3d 1061, 1071-1074 [247 Cal.Rptr. 647]) because even assuming the statutory language is constitutional, the evidence is insufficient to support a section 311.4 conviction on this theory.

The People argue that defendant encouraged the minors to show their tan lines near their breasts, genitals, and pubic area; to bend over so he could focus the zoom feature of his camera on their breasts and buttocks; and to dance around while stripping. The People's argument, however, misses the point. Whether defendant persuaded the minors to pose in the video is not the issue. The issue is whether the girls' behavior in the video constituted a simulated exhibition of their genitals, pubic or rectal areas.

Neither girl's act of pulling her bikini bottom away from the skin to show her tan line gave the appearance of exhibiting the genital, pubic or rectal areas. Perhaps had the girls' bikinis been of a more revealing nature, one could say otherwise. However, there was nothing about the girls' behavior to suggest they were pretending to expose those portions of their bodies.

Further, the girls' act of bending over so that defendant from his vantage point could use the video camera to "zoom in," particularly on Tina's buttocks, did not give the appearance of exhibiting the rectal area. Indeed we question the People's reliance on defendant's use of the "zoom" feature on the videocamera to support a finding of exhibition by the girls. There is nothing in the language of the statute to support their assumption that a camera angle can create the requisite exhibition. In other words, it appears from the plain meaning of the statute that the minor, not the person operating the camera, performs the sexual conduct.

Last, despite the People's assertion to the contrary, there was no dancing around, let alone actual stripping, which gave the appearance of an exhibition of the minors' genital, pubic or rectal areas.

III.   OTHER CONTENTIONS

Appellant's contentions about denial of probation and the admission of photographs to impeach his testimony are redundant in light of the reversal of the convictions on counts I, II, and III. However, in the event of a retrial on any of these counts we would caution the trial judge that in our view, based on the present record, whatever probative value the photographs would have on the issue of defendant's credibility appear to be far outweighed by the prejudice to defendant. (See Evid. Code, § 352.)

## DISPOSITION

The convictions on counts I, II, and III are reversed. The conviction on count V is affirmed.

Harris, Acting P. J., and Buckley, J., concurred.