118 Cal.Rptr.2d 279 (2002)
97 Cal.App.4th 266
David PARRISH, Petitioner,
v.
SUPERIOR COURT of Sacramento County, Respondent;
The People, Real Party in Interest.
No. C039165.
Court of Appeal, Third District.
March 29, 2002.
As Modified on Denial of Rehearing April 23, 2002.
Review Denied July 10, 2002.[*]
*280 Burton R. Loehr, Sacramento, for Petitioner.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, John G. McLean, Supervising Deputy Attorney General, for Real Party in Interest.
No appearance for Respondent.
SIMS, J.
On July 6, 2001, the District Attorney of Sacramento County filed a felony criminal complaint charging defendant David Parrish with violation of Penal Code section 647.6, subdivision (a) in that "On or about July 01, 2001 ... said defendant did unlawfully annoy and molest a child under the age of eighteen years, to wit, JANE DOE ... said defendant having been previously convicted of the crime of child molesting in violation of Section 647.6 of the Penal Code... ."[1]
*281 After defendant entered a "not guilty" plea, a preliminary hearing was conducted.
The following evidence was adduced at the preliminary hearing:
Water World is a large amusement park located on the grounds of the California State Fair in Sacramento. Water World features water slides, swimming, and, as pertinent, a large cement beach area called Breaker Beach.
On July 1, 2001, Sergeant Scott Smith of the California State Fair Police was on duty at Water World.
Sergeant Smith observed defendant sitting alone on a chaise lounge in the chair area at the end of Breaker Beach; defendant was holding a digital camera in his right hand. Defendant would watch people. As people would approach, defendant would casually raise the camera, click a picture and put the camera down "real quick." This went on for about 20 minutes.
During this time, defendant appeared nervous and was furtively taking the photographs. It was obvious to the observing officer that defendant was not even looking through the viewfinder, but was simply clicking the camera at the girls. Indeed, on several occasions, defendant pointed the camera in one direction while looking in another direction.
The focus of the photographs was young girls, 10 to 15 or 16 years old. It appeared to Sergeant Smith that defendant was trying to take the photographs without being noticed by anyone.
The officer never interviewed any of the girls whose photographs were taken. The only person who complained about the photographs was a Water World Security Guard. The record is devoid of evidence that any of the girls ever knew their photographs had been taken.
Sergeant Smith detained defendant as he left Water World and subsequently arrested him.
Defendant and his car were searched. The following items were seized and identified as defendant's: three rubber rings used for maintaining a penile erection; a small glass of Vaseline; a Playboy magazine and a Cheri magazine; a dildo; and tear-away short pants with snaps on the side. Two of the rubber rings were seized at the foot of the chair in which defendant was sitting after he had urinated in a nearby bathroom.
Sergeant Smith found a digital camera in defendant's backpack. The officer printed out the color digital images, and 12 of those photographs were introduced in evidence by the People. The photographs show girls from seven or eight years old up to twelve or thirteen years old. The photos depict full-body shots of the girls in their swim suits engaging in various activities at Breaker Beach. The photos do not focus on any particular part of the girls' bodies. Two of the photographs (which were full-body shots) captured a young girl touching her buttocks. Four of the photographs were of one specific girl. In most of the photographs, the girls' faces cannot be seen. In several of the photographs, the top of the girl's head is chopped off by the top edge of the photograph.
Evidence was also admitted showing defendant had been previously convicted of violation of section 647.6 and of violation of section 314, subdivision 1 (indecent exposure).
*282 At the conclusion of the evidentiary hearing, the magistrate held defendant to answer.
Defendant then filed a motion to dismiss the information, pursuant to section 995, based on insufficient evidence that a crime was committed. The trial court denied the motion and defendant timely filed a petition for writ of prohibition in this court. (§ 999a.) We issued an alternative writ and stayed further proceedings in the trial court.
In this court, defendant raises a number of contentions as to why the holding order is unlawful. For reasons that follow, we shall conclude the evidence is insufficient to show a crime was committed, because the taking of the photographs was not an act that was objectively and unhesitatingly irritating or disturbing, as the law requires. We therefore need not address defendant's other attacks on the holding order.

DISCUSSION

I

The Procedural Framework of this Case
Section 860 requires that, if a defendant has pleaded not guilty to a felony complaint, the magistrate must "proceed to examine the case" at what is commonly called the preliminary examination or preliminary hearing.
Section 871 provides in pertinent part, "If, after hearing the proofs, it appears that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed...." On the other hand, section 872 provides as pertinent, "If, however, it appears from the examination that a public offense has been committed, and there is sufficient cause to believe that the defendant is guilty, the magistrate [shall hold defendant to answer the charges]."
As used in section 872, "sufficient cause" is the equivalent of "reasonable and probable cause." (Williams v. Superior Court (1969) 71 Cal.2d 1144, 1147, 80 Cal. Rptr. 747, 458 P.2d 987.) "Although the prosecution is not put to proof beyond a reasonable doubt in order to establish reasonable and probable cause before the magistrate, nevertheless the burden is on the prosecution to produce evidence that there is a reasonable probability, enough to induce a strong suspicion in the mind of a man of ordinary caution or prudence, that a crime has been committed, and that defendant is guilty. [Citations.]" (Garabedian v. Superior Court (1963) 59 Cal.2d 124, 126, 127, 28 Cal.Rptr. 318, 378 P.2d 590.) The prosecution must produce some evidence of every essential element of the offense. (Ibid; Ortega v. Superior Court (1982) 135 Cal.App.3d 244, 256, 185 Cal. Rptr. 297.)
Section 995, subdivision (a)(2)(B) allows a defendant to make a motion to set aside the information on the ground "[t]hat the defendant had been committed without reasonable or probable cause." This statutory provision allows the defendant to show that the prosecution has failed to produce sufficient evidence at the preliminary examination. (Williams v. Superior Court, supra, 71 Cal.2d at p. 1147, 80 Cal.Rptr. 747, 458 P.2d 987.) If the trial court denies a section 995 motion, section 999a allows a defendant, within time constraints, to file a petition for writ of prohibition in the Court of Appeal.
In People v. Jones (1998) 17 Cal.4th 279, at page 301, 70 Cal.Rptr.2d 793, 949 P.2d 890, our Supreme Court recently explained the standard of review by an appellate court of the trial court's ruling on a section 995 motion: "`[I]n proceedings under section 995 it is the magistrate who is the finder of fact; the superior court has none of the foregoing powers, and sits merely as *283 a reviewing court; it must draw every legitimate inference in favor of the information, and cannot substitute its judgment as to the credibility or weight of the evidence for that of the magistrate. [Citation.] On review ... the appellate court in effect disregards the ruling of the superior court and directly reviews the determination of the magistrate holding the defendant to answer.' [Citations.]"
"A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information, the court will not inquire into its sufficiency. [Citations.] Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information. [Citations.]" (Rideout v. Superior Court (1967) 67 Cal.2d 471, 474, 62 Cal.Rptr. 581, 432 P.2d 197.)

II

The Prosecution Adduced Insufficient Evidence to Show a Crime Was Committed
Section 647.6 provides in relevant part, "Every person who annoys or molests any child under the age of 18 [is guilty of a crime]...."
Defendant contends you cannot "annoy" a child by taking her photograph if the child never knows the photograph has been taken. How can the child be "annoyed" by something he or she never knows about? For the same reason, defendant contends he did not "molest" any of the girls.
The People do not dispute that the record is devoid of evidence tending to show the girls knew their photographs had been taken. Rather, the People contend that fact is immaterial.
Preliminarily, we note that the crucial language"annoys or molests" a child has been in the Penal Code for a long time.
The language first appeared in 1929 as former section 647a, and read as follows: "Every person who annoys or molests any school child or who loiters about any school or public place at or near which school children attend, is a vagrant, and is punishable by a fine of not exceeding five hundred dollars or by imprisonment in the county jail for not exceeding six months, or by both such fine and imprisonment." (Stats.1929, ch. 376, § 1, p. 697.)
In 1987, former section 647a was renumbered to section 647.6 and was amended in various respects. (Stats.1987, ch. 1394, § 4, pp. 5089-5090.) The renumbered statute (§ 647.6) provided in relevant part (as it does now): "Every person who annoys or molests any child under the age of 18 is punishable...." (Stats.1987, ch. 1394, § 4, p. 5089.)
Thus, the "annoys or molests" any child (or school child) language has been in the Penal Code for more than 70 years. Yet we are aware of no case, and the People conceded at oral argument there is none, where a conviction for violation of former section 647a or section 647.6 has ever been upheld in a situation where the child never knew of the offensive conduct. In particular, in the cases involving convictions for violation of section 647.6, where photographs or videotapes were taken of the children, the children knew very well that they were being photographed. (See People v. Kongs (1994) 30 Cal.App.4th 1741, 37 Cal.Rptr.2d 327; People v. Wallace (1992) 11 Cal.App.4th 568, 14 Cal.Rptr.2d 67, disapproved on another point in People v. Martinez (1995) 11 Cal.4th 434, 452, 45 Cal.Rptr.2d 905, 903 P.2d 1037; see also Ecker v. Raging Waters Group, Inc. (2001) 87 Cal.App.4th 1320, 105 Cal.Rptr.2d 320.)
*284 Nonetheless, we shall save this issue for another day. As we shall explain, even assuming for the sake of argument the girls in this case did not have to know of defendant's conduct, defendant still did not violate section 647.6.
"`Annoy' and `molest' ordinarily relate to offenses against children, with a connotation of abnormal sexual motivation." (People v. Lopez (1998) 19 Cal.4th 282, 290, 79 Cal.Rptr.2d 195, 965 P.2d 713; People v. Kongs, supra, 30 Cal.App.4th at p. 1750, 37 Cal.Rptr.2d 327.) The statute "requires an act objectively and unhesitatingly viewed as irritating or disturbing, prompted by an abnormal sexual interest in children." (Lopez, supra, 19 Cal.4th at p. 290, 79 Cal.Rptr.2d 195, 965 P.2d 713.) An actual or constructive touching is not required. (People v. Memro (1995) 11 Cal.4th 786, 871, 47 Cal.Rptr.2d 219, 905 P.2d 1305.) Thus, to constitute a violation of section 647.6, both an objective and subjective element must be proven: 1) the existence of objectively and unhesitatingly irritating or disturbing conduct; 2) motivated by an abnormal sexual interest in children. "[T]he actor's mental state is disregarded in evaluating whether the element of objectively disturbing conduct has been met." (People v. Lopez, supra, 19 Cal.4th at p. 291, 79 Cal.Rptr.2d 195, 965 P.2d 713.)
A review of the case law addressing section 647.6 violations indicates that the allegedly offensive conduct must rise to a level that would irritate or annoy a normal person. (People v. Lopez, supra, 19 Cal.4th at pp. 286, 291, 79 Cal.Rptr.2d 195, 965 P.2d 713 [touching five-year-old child's vaginal area through her underwear]; People v. Kongs, supra, 30 Cal.App.4th at p. 1749, 37 Cal.Rptr.2d 327 [ordering fully clothed children to pose in lewd positions to photograph them]; People v. Thompson (1988) 206 Cal.App.3d 459, 464-67, 253 Cal.Rptr. 564 [motorist driving slowly by a 12-year-old bicyclist while making facial and hand gestures].) By contrast, a defendant who merely sat under a tree and walked down a street with a child did not violate section 647.6 because his behavior would not have irritated a normal person, even if he had the intention to molest the child. (People v. Carskaddon (1957) 49 Cal.2d 423, 426, 318 P.2d 4.)
Viewed objectively, and disregarding defendant's lewd intent, as we must, defendant's conduct was not unhesitatingly irritating or disturbing. The girls had no reasonable expectation of privacy that they would not be photographed in a public place. (Gill v. Hearst Publishing Co. (1953) 40 Cal.2d 224, 229-230, 253 P.2d 441.) The photographs themselves were full-body shots of the girls in their swim suits and did not focus on any particular part of their bodies. (Compare People v. Kongs, supra, 30 Cal.App.4th at p. 1747, 37 Cal.Rptr.2d 327 [photos focused on minor's crotch]; see also People v. Wallace, supra, 11 Cal.App.4th at p. 571,14 Cal.Rptr.2d 67, disapproved on another point in People v. Martinez, supra, 11 Cal.4th at p. 452, 45 Cal.Rptr.2d 905, 903 P.2d 1037 [defendant tried to persuade girls to striptease while he videotaped them].) The record is devoid of evidence that defendant intended to disseminate the photographs in any manner, for example by putting them on the internet.
It may be that a photographer can "annoy" a minor by taking the minor's photograph in a public place in an offensive and irritating manner, for example, where the photographer follows the minor around and continues to take photographs despite the minor's wishes. That was the situation in Ecker v. Raging Waters Group, Inc., supra, 87 Cal.App.4th 1320, 105 Cal. Rptr.2d 320, where Ecker followed boys around a water park and continued to bother them by videotaping them. The boys explained that Ecker's filming "`bothered [us] so bad because we had to *285 keep going different ways, and we felt like we had to move away. We felt like we wanted to beat him up, but we didn't. That's how bad it bothered us.'" (Id. at p. 1325, 105 Cal.Rptr.2d 320.) The boys called Ecker "the Stalker." (Ibid.)
None of the offensive conduct in Ecker is present in this case. Here, nothing in the record tends to show that the girls ever knew they had been photographed.
On this record, defendant's act of photographing the girls was not "an act objectively and unhesitatingly viewed as irritating or disturbing." (People v. Lopez, supra, 19 Cal.4th at p. 290, 79 Cal.Rptr.2d 195, 965 P.2d 713, italics omitted.) The evidence fails to show defendant violated section 647.6. (People v. Carskaddon, supra, 49 Cal.2d at p. 426, 318 P.2d 4.)
At the risk of redundancy, we emphasize why we arrive at this conclusion. We have no doubt that the girls would have been "unhesitatingly" irritated and disturbed had they known their photographs were being taken by a convicted sex offender with lewd intent. However, that is simply not the applicable legal test. Rather, as our Supreme Court has counseled, "`[T]he actor's mental state is disregarded in evaluating whether the element of objectively disturbing conduct has been met.'" (People v. Lopez, supra, 19 Cal.4th at p. 291, 79 Cal.Rptr.2d 195, 965 P.2d 713.) This objective test is apparently designed to avoid "constitutional difficulties" that would arise should defendant be convicted simply for having a private lewd intent. (See Wainwright v. Superior Court (2000) 84 Cal. App.4th 262, 267, 100 Cal.Rptr.2d 749; see also Cal. Const, art. I, § 1 [guaranteeing right of privacy]; American Academy of Pediatrics v. Lungren (1997) 16 Cal.4th 307, 332, 66 Cal.Rptr.2d 210, 940 P.2d 797 [right to autonomy privacy].) The proper legal question is: would normal girls be unhesitatingly irritated or disturbed by having the photographs in this case taken by a normal person at a public place?[2] The answer is, "no."[3] A contrary conclusion would mean that photojournalists could be sued for taking photographs of girls on the beach at spring break.
Because the evidence adduced at the preliminary examination failed to show that a public offense was committed, the magistrate should have dismissed the complaint *286 (§ 871.) The Superior Court erred in denying defendant's motion to dismiss the information brought pursuant to section 995. We shall issue a peremptory writ of mandate commanding the Superior Court to grant defendant's motion to dismiss. (Garabedian v. Superior Court, supra, 59 Cal.2d at p. 127, 28 Cal.Rptr. 318, 378 P.2d 590.)

DISPOSITION
Let a peremptory writ of prohibition issue commanding the Superior Court to vacate its denial of defendant's section 995 motion, to grant said motion, and to dismiss the information. The stay of proceedings in the Superior Court is dissolved.
We concur: BLEASE, Acting P.J., and MORRISON, J.
NOTES
[*] In denying review, the Supreme Court ordered that the opinion be not officially published. (See California Rules of CourtRules 976 and 977).
[1] Penal Code section 647.6 provides:

"(a) Every person who annoys or molests any child under the age of 18 shall be punished by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both the fine and imprisonment.
"(b) Every person who violates this section after having entered, without consent, an inhabited dwelling house, or trailer coach as defined in Section 635 of the Vehicle Code, or the inhabited portion of any other building, shall be punished by imprisonment in the state prison, or in a county jail not exceeding one year.
"(c)(1) Every person who violates this section shall be punished upon the second and each subsequent conviction by imprisonment in the state prison.
"(2) Every person who violates this section after a previous felony conviction under Section 261, 264.1, 269, 285, 286, 288a, 288.5, or 289, any of which involved a minor under the age of 16 years, or a previous felony conviction under this section, a conviction under Section 288, or a felony conviction under Section 311.4 involving a minor under the age of 14 years shall be punished by imprisonment in the state prison for two, four, or six years.
"(d)(1) In any case in which a person is convicted of violating this section and probation is granted, the court shall require counseling as a condition of probation, unless the court makes a written statement in the court record, that counseling would be inappropriate or ineffective.
"(2) In any case in which a person is convicted of violating this section, and as a condition of probation, the court prohibits the defendant from having contact with the victim, the court order prohibiting contact shall not be modified except. upon the request of the victim and a finding by the court that the modification is in the best interest of the victim. As used in this paragraph, `contact with the victim' includes all physical contact, being in the presence of the victim, communication by any means, any communication by a third party acting on behalf of the defendant, and any gifts."
All further undesignated statutory references are to the Penal Code.
[2] In their Petition for Rehearing, the People assert that the correct test is whether a normal adult "person" would be unhesitatingly irritated or disturbed not whether "normal girls" would be unhesitatingly irritated or disturbed. We think this is an odd position for the People to take, since a normal child would be more easily irritated or disturbed by certain lewd conduct than a normal adult. In any event, we do not agree with the People. The statute at issuesection 647.6makes it unlawful to annoy or molest a child. This direction of the statute cannot be ignored. There is in fact lewd conduct that would offend a normal child that would not faze a normal adult. Thus, we think the proper focus of the statute is whether, viewed objectively, defendant's conduct would offend a rmal child. However, if we are mistaken, and if the proper test is whether defendant's conduct would offend a normal adult, then the result in this case would still be the same.
[3] The Attorney General conceded this point at oral argument. Thus, Justice Blease asked the Attorney General: "At this point, let me ask you this question, supposing a professional photographer takes the identical photographs for the purpose of, because he's interested in getting the crowd scenes, he's interested in all kinds of things, but has no sexual interest at all, but takes some pictures to publish them. Would that be a violation of this statute?"

The Attorney General responded "No it wouldn't...."