[No. A098167. First Dist., Div. Five. Dec. 15, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER LEE SPURLOCK, Defendant and Appellant.

## COUNSEL

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Stan M. Helfman and Jeffrey M. Laurence, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GEMELLO, J.**—A jury convicted Christopher Spurlock of lewd conduct toward a minor, possession of child pornography, creation of child pornography, and sexual exploitation of a minor. On appeal, he challenges only the creation of child pornography and sexual exploitation counts, each arising from his photographing of a partially clad 15 year old. He contends that California's child pornography and sexual exploitation statutes cannot be applied to photographs of a minor's partially clothed genital area. We disagree. In some circumstances, the exhibition of partially clothed genitals can constitute sexual conduct within the meaning of Penal Code sections 311.3 and 311.4; here, Spurlock's actions in taking photographs qualify as sexual exploitation and the creation of child pornography. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

An information filed in Solano Superior Court in March 2000 charged Spurlock with committing lewd acts on two minors between the ages of 14 and 16 (Pen. Code, § 288, subd. (c)(1)—counts 1 and 2),[1] digital penetration of a minor under the age of 16 (§ 289, subd. (i)—count 3), possession of child pornography (§ 311.11, subd. (a)—count 4), sexual exploitation of a child (§ 311.3, subd. (a)—count 5), and using a minor under the age of 18 as a model for the creation of child pornography (§ 311.4, subd. (c)—count 6). A jury found Spurlock not guilty on count 1 and guilty on all other counts. On March 11, 2002, the trial court sentenced Spurlock to a prison term of three years four months.[2]

On appeal, Spurlock challenges only counts 5 and 6. Those counts arise from photography sessions he conducted with Jean C., a 15-year-old babysitter for his son. In March 1999, Jean C. mentioned to Spurlock that she

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Count 1, the count on which Spurlock was acquitted, alleged that he fondled a babysitter, Jenny P. Counts 2, 3 and 4 were based on Spurlock's undressing, fondling, and digitally penetrating another babysitter, Jean C., and on the images of girls younger than 18 in sexual positions found on Spurlock's computer.

wanted to be a model. Spurlock volunteered to take pictures of her, and Jean C. posed for him, fully clothed. Two months later, during a second photo shoot in Spurlock's garage den, Spurlock had Jean C. remove her shirt, jeans, and bra, and took several photos of her in various states of undress. Spurlock scanned the photographs into his computer, kept one original showing Jean C. in bikini underpants with her legs spread, wiped his fingerprints from the rest, and gave them to Jean C.

Spurlock argues that California's child exploitation and creation of child pornography statutes (§§ 311.3, 311.4) do not apply to the photographs he took because Jean C. kept her bikini underpants on; he contends that the statutes apply only to nude depictions of a minor's genitalia. He also argues that the trial court misinstructed the jury on the scope of these statutes, that they are unconstitutional if interpreted to criminalize his conduct, and that no substantial evidence supported the jury's verdict.

Discussion

I. *The Creation of Child Pornography and Child Sexual Exploitation Statutes May Apply to Portrayals of Children's Covered Genitalia*

Section 311.4, subdivision (c), provides, "Every person who, with knowledge that a person is a minor under the age of 18 years, or who, while in possession of any facts on the basis of which he or she should reasonably know that the person is a minor under the age of 18 years, knowingly promotes, employs, uses, persuades, induces, or coerces a minor under the age of 18 years . . . to engage in or assist others to engage in either posing or modeling alone or with others for purposes of preparing any . . . image, including, but not limited to, any . . . photograph . . . that contains or incorporates in any manner, any film, filmstrip, or a live performance involving, sexual conduct by a minor under the age of 18 years . . . is guilty of a felony." In addition, section 311.3, subdivision (a), prohibiting the sexual exploitation of children, provides in part, "A person is guilty of sexual exploitation of a child if he or she knowingly develops, duplicates, prints, or exchanges any representation of . . . [an] image, including, but not limited to, any film, filmstrip, [or] photograph . . . that depicts a person under the age of 18 years engaged in an act of sexual conduct."

Under each statute, the key issue here is what constitutes "sexual conduct." Section 311.4 defines it thusly: "As used in subdivisions (b) and (c), 'sexual conduct' means any of the following, whether actual or simulated: . . . exhibition of the genitals or pubic or rectal area for the purpose of sexual stimulation of the viewer . . . ." (§ 311.4, subd. (d)(1).) Section 311.3 adopts a parallel definition: "As used in this section, 'sexual conduct' means any of the

following: . . . (5) Exhibition of the genitals or the pubic or rectal area of any person for the purpose of sexual stimulation of the viewer." (§ 311.3, subd. (b).)

The trial court instructed the jury, "[E]xhibition of the genitals, pubic or rectal area for the purpose of sexual stimulation of the viewer may be through the clothes." Spurlock argues that this was a misstatement of the law and that California's creation of child pornography and child sexual exploitation statutes require a nude display of the genitals, pubic or rectal area. We disagree.

In *People v. Kongs* (1994) 30 Cal.App.4th 1741 [37 Cal.Rptr.2d 327](*Kongs*), the court analyzed whether section 311.4, subdivision (c) could apply to visual depictions of a child's clothed genitalia. It concluded that the statute could: "We disagree with Kongs's assertion that sexual conduct has to be nude to be lewd. Nude is not synonymous with lewd. No one would seriously argue that Michelangelo's statue of David is lewd, even *sans* an artificial fig leaf. By the same token, a photograph of tots posing suggestively while dressed in corsets, garters, and hosiery could well be considered lewd because such attire is so inappropriate to their age and is obviously designed to elicit a sexual response in a viewer." (*Kongs*, at p. 1753.) *Kongs* noted that the Legislature could have, but did not, insert a "nude" requirement into its definition of sexual conduct in section 311.4, subdivision (d). (*Kongs*, at p. 1754.) It declined to add what the Legislature had seen fit to omit.

Federal courts have reached the same conclusion when interpreting the parallel federal provision. Federal child pornography law includes the "lascivious exhibition of the genitals or pubic area" in its definition of sexually explicit conduct. (18 U.S.C. § 2256(2)(A)(v).) The federal circuits consistently have interpreted this language as extending to partially clothed displays and not requiring full or even partial nudity. (*U.S. v. Knox* (3d Cir. 1994) 32 F.3d 733, 745–746 [neither full nor partial nudity required]; *U.S. v. Carroll* (5th Cir. 1999) 190 F.3d 290, 298 fn. 7, vacated and reinstated in relevant part, (5th Cir. 2000) 227 F.3d 486, 488 [same]; *U.S. v. Horn* (8th Cir. 1999) 187 F.3d 781, 789–790 [partially clothed display may constitute lascivious exhibition].) Thus, lascivious photographs of partially clothed displays, such as children in their underwear or swimsuit bottoms, may violate the federal statute. (See *Knox, supra,* 32 F.3d at p. 747; *Horn, supra,* 187 F.3d at p. 790.)

██ We agree with *Kongs* and those federal courts that have concluded that an "exhibition of the genitals" may include an exhibition of the partially clad genitals. We refuse to limit sections 311.3 and 311.4 only to nude displays. *Kongs* does not say, nor do we, that all partially clothed displays would violate sections 311.3 and 311.4—only that the fact that Jean C.'s

genitals were partially clothed does not automatically insulate Spurlock from the reach of the statute. Nudity is not sufficient, but it is also not strictly necessary. "Clearly, the context in which the sexual conduct occurs must be considered." (*Kongs, supra,* 30 Cal.App.4th at p. 1753.) Whether a particular display is an illicit exhibition is a more complicated inquiry than simply asking whether the genitals are exposed. Photographs showing a partially clad pubic area may well be intended to elicit a sexual response on the part of the viewer.

In reaching this conclusion, we acknowledge that courts should not "widen the possibly invalid reach of [a child pornography] statute by giving an expansive construction to the proscription on 'lewd [exhibitions] of the genitals.' " (*New York v. Ferber* (1982) 458 U.S. 747, 773 [73 L.Ed.2d 1113, 102 S.Ct. 3348].) We have not done so here. *Ferber* makes clear "that states may legitimately protect the dignity and psychological well-being of children by forbidding child pornography." (*Kongs, supra,* 30 Cal.App.4th at p. 1754; see *Ferber, supra,* 458 U.S. at pp. 754–766.) That interest permits the Legislature, if it sees fit, to proscribe depictions of a partially clad genitalia created for the sexual stimulation of the viewer. First Amendment concerns do not require a per se interpretation of exhibitions as only applying to naked displays.

Spurlock relies on *People v. Wallace* (1992) 11 Cal.App.4th 568 [14 Cal.Rptr.2d 67] (*Wallace*), in which the court addressed section 311.4 and concluded that, on the facts there shown, no violation had occurred. Defendant filmed two 15-year-old girls, both in bikinis and in their underwear; one of the girls displayed her breasts. (*Wallace,* at pp. 572–573.) The People did not argue that an "exhibition of the genitals" had occurred, only that a simulated exhibition had occurred. The court concluded that the photographic subjects had not pretended to expose their genitalia, and thus that no simulated exhibition had occurred. (*Id.* at p. 583.) It noted, "[H]ad the girls' bikinis been of a more revealing nature, one could say otherwise." (*Ibid.*) *Wallace* does not hold that a clothed display can never constitute an exhibition; indeed, the *Wallace* court was not called on to make that determination. Thus, *Wallace* has no bearing on our decision.

Finally, Spurlock argues that a reading of "exhibition" that includes clothed displays is inconsistent with previous interpretations of "indecent exposure" in section 314 that require nudity. (See *People v. Massicot* (2002) 97 Cal.App.4th 920, 926 [118 Cal.Rptr.2d 705].) We see no inconsistency. Section 314, the indecent exposure statute,[3] is aimed at a

---

[3] Section 314 provides in part, "Every person who willfully and lewdly . . . : [¶] Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . [¶] is guilty of a misdemeanor."

different ill than the child pornography statutes, and the Legislature has chosen different language. It is entirely appropriate to adopt interpretations attuned to these differences. The harms protected against by the child pornography statutes may arise even when the depictions are of partially clad children. While the verb "expose" contained in section 314 connotes "caus-[ing] to be visible" (*ibid.*), the verb "exhibit" is not similarly so limited. Nothing in our and *Kongs*'s construction of sections 311.3 and 311.4 is inconsistent with the prevailing interpretation of section 314.

■ The trial court's instruction, that an "exhibition of the genitals, pubic or rectal area for the purpose of sexual stimulation of the viewer, may be through the clothes," was correct as a matter of law.

II. *The Trial Court Was Not Required to Instruct Sua Sponte on the Meaning of "Exhibition of the Genitals" or "For the Purpose of Sexual Stimulation of the Viewer."*

The trial court instructed the jury on the meaning of "sexual conduct" by providing the jury with the exact language of the statute. It told the jury, "Sexual conduct means any of the following, whether actual or simulated: . . . exhibition of genitals, pubic or rectal area for the purposes of sexual stimulation of the viewer . . . ." (See §§ 311.3, subd. (b), 311.4, subd. (d)(1).) Spurlock did not seek any further instruction on this point.

"The rule . . . is that ' "a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested an appropriate clarifying or amplifying language." ' " (*People v. Hill* (1992) 3 Cal.4th 959, 997 [13 Cal.Rptr.2d 475, 839 P.2d 984], overruled on other grounds by *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13 [108 Cal.Rptr.2d 409, 25 P.3d 618].) The trial court's instruction was correct. Because Spurlock never requested any amplification, he may not object to the given instruction on appeal.

Spurlock argues that an additional instruction should have been given, invoking the trial court's sua sponte obligation to instruct the jury on the law. " ' "[E]ven in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues. raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are *necessary* for the jury's understanding of the case." ' " (*People v. Breverman* (1998) 19 Cal.4th 142, 154 [77 Cal.Rptr.2d 870, 960 P.2d 1094], italics added.) He contends that the trial court should have given the jury special instructions further explaining what an "exhibition of the genitals" was and what "for the purpose of sexual stimulation of the viewer" meant,

perhaps by instructing the jury on the *Dost* factors. (See *United States v. Dost* (S.D.Cal. 1986) 636 F.Supp. 828, 831, affirmed *sub nom. U.S. v. Wiegand* (9th Cir. 1987) 812 F.2d 1239.)[4]

" 'As a general rule, ordinary words do not require definition; they are presumed to be understood by the jurors. [Citations.] The language of a statute defining a crime or defense is generally an appropriate and desirable basis for an instruction [citation], and is ordinarily sufficient when the defendant fails to request further amplification. [Citations.] If the jury would have no difficulty in understanding the statute without guidance, the court need do no more than instruct in statutory language. [Citation.]' [Citation.]" (*People v. Cantrell* (1992) 7 Cal.App.4th 523, 543 [9 Cal.Rptr.2d 188].)

Whether a display of the genitals is an "exhibition" is not a technical matter requiring special instruction. The same is true of the phrase "for the purpose of sexual stimulation of the viewer." The jury was capable of determining, based on the instructions given, whether the photograph submitted into evidence was an "exhibition" for the "purpose of the sexual stimulation of the viewer." We decline to hold that instruction on the *Dost* factors was mandatory in the absence of any request by Spurlock. In the absence of a request for amplification, it was sufficient for the trial court to instruct the jury with the statutory language.

### III. *Sections 311.3 and 311.4 Are Constitutional*

Spurlock contends that sections 311.3 and 311.4 are unconstitutional because they violate the "fair warning" guarantees of the due process clause. The limited scope of our review of the constitutionality of these statutes requires that we presume their validity, resolve all doubts in favor of their constitutionality, and uphold them unless a " 'clear and unquestionable conflict with the state or federal Constitutions' " is established. (*Rains v. Belshé* (1995) 32 Cal.App.4th 157, 170 [38 Cal.Rptr.2d 185] [citations omitted]; *Mounts v. Uyeda* (1991) 227 Cal.App.3d 111, 122 [277 Cal.Rptr. 730].) We conclude that they are constitutional.

---

[4] The *Dost* factors, a widely adopted set of considerations used to help determine "whether there has been a prohibited exhibition of a minor child's genitals, pubic, or rectal area are:

"1) whether the focal point is on the child's genitalia or pubic area;

"2) whether the setting is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

"3) whether the child is in an unnatural pose, or in inappropriate attire, considering the age of the child;

"4) whether the child is fully or partially clothed, or nude;

"5) whether the child's conduct suggests sexual coyness or a willingness to engage in sexual activity;

"6) whether the conduct is intended or designed to elicit a sexual response in the viewer." (*Kongs, supra,* 30 Cal.App.4th at pp. 1754–1755.)

Under the due process clause, "[t]here are three related manifestations of the fair warning requirement. First, the vagueness doctrine bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' [Citations.] Second, as a sort of 'junior version of the vagueness doctrine,' [citation], the canon of strict construction of criminal statutes, or rule of lenity, ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered. [Citations.] Third, although clarity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute [citations], due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope [citations]. In each of these guises, the touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." (*United States v. Lanier* (1997) 520 U.S. 259, 266–267 [137 L.Ed.2d 432, 117 S.Ct. 1219]; see generally *People v. Castenada* (2000) 23 Cal.4th 743, 751 [97 Cal.Rptr.2d 906, 3 P.3d 278].) Spurlock argues that the language of sections 311.3 and 311.4 is so vague that he could not fairly be expected to realize that photographs of a 15-year-old's partially clothed crotch area might be prohibited.

■ We need not decide whether the language of the statutes, considered in isolation, would pass muster. As both the United States and California Supreme Courts recognize, fair warning does not hinge only on the language of a statute. The judicial construction of a statute may also provide sufficient notice to satisfy due process: "[C]larity at the requisite level may be supplied by judicial gloss on an otherwise uncertain statute." (*United States v. Lanier, supra,* 520 U.S. at p. 266; accord, *People v. Heitzman* (1994) 9 Cal.4th 189, 200 [37 Cal.Rptr.2d 236, 886 P.2d 1229].) Here, *Kongs, supra,* 30 Cal.App.4th 1741,, decided nearly five years before the conduct in question, established that "sexual conduct" under section 311.4 was not confined to nude exhibitions, and fairly disclosed to Spurlock that his actions could fall within sections 311.3 and 311.4.[5]

■ Spurlock argues that under the rule of lenity, we should disregard *Kongs* in favor of the more narrow reading of the statute suggested by *Wallace, supra,* 11 Cal.App.4th 568. The rule of lenity does not apply in this fashion; it does not automatically grant potential defendants the benefit of the most restrictive interpretation given any statute by any court. Instead, it is a rule of statutory construction (*People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1]), which may apply in the absence of existing

---

[5] Because the relevant language in sections 311.3 and 311.4 is the same, *Kongs* offers fair warning as to the scope of both statutes.

legislative or judicial resolutions of any ambiguity. Given *Kongs*, Spurlock was on notice that his actions could lead to a conviction, and was not entitled to rely on *Wallace* as insulating him from prosecution.

### IV. *Substantial Evidence Supports the Convictions on Counts 5 and 6*

Finally, Spurlock argues that no substantial evidence supports his convictions for counts 5 and 6. The standard of review we apply is settled. We " ' "must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." ' " (*People v. Williams* (1997) 16 Cal.4th 635, 678 [66 Cal.Rptr.2d 573, 941 P.2d 752].)

On this point, both Spurlock and the People agree that exhibit 12, the photograph Spurlock took and then scanned into his computer, is dispositive. The only question is whether a reasonable jury, upon reviewing this photograph, could conclude that it constituted a recording of sexual conduct within the meaning of sections 311.3 and 311.4. Having considered the photograph, we agree that a reasonable jury could find a violation of the sexual exploitation and child pornography statutes.

■ Consistent with our view that instruction on and consideration of the specific *Dost* factors is not mandatory under section 311.4, we do not evaluate the photograph under those factors. Instead, we ask whether a reasonable jury could determine, "based on the overall content of the visual depiction and the context of the child's conduct, taking into account the child's age" (*Kongs, supra,* 30 Cal.App.4th at p. 1755), that the photograph depicts an exhibition of the genitals for the purpose of sexual stimulation of the viewer. (§ 311.4, subd. (d)(1).)

In the photograph, Jean C., age 15, is seated on the floor of Spurlock's garage den. She is wearing a patterned bra and differently patterned bikini underpants. Her hands are resting on her knees, and her legs are splayed to display her crotch area. She is not modeling clothing, but rather her barely clad body. Given her attire and the setting, the pose is unnatural and sexually suggestive.

We dismiss out of hand Spurlock's remarkable assertion that a 15-year-old sitting on the carpeted floor of a 28-year-old neighbor's garage den in her bikini underwear is somehow dressed "on the conservative side." Nor is the fact that the underwear is assertedly less revealing than some bikini swimsuits dispositive. Context matters. Wearing only underwear outside the privacy of one's home is not comparable to wearing swimwear and does not

carry with it the same connotations. Being photographed by an unrelated adult on that adult's garage den floor is not comparable to being photographed by a family member in the course of a family beach outing. For the same reasons, we dismiss Spurlock's notion that the photograph is somehow akin to photographs found in "family albums everywhere."

Taking into account the context, a grossly inappropriate situation, a reasonable jury could conclude that the photograph was a record of an "exhibition of the genitals . . . for the purpose of sexual stimulation of the viewer." (§ 311.4, subd. (d)(1).) Given the undisputed evidence that Spurlock subsequently duplicated the photograph by scanning it into his computer, such a finding would also support a conviction under section 311.3, subdivision (a).

### DISPOSITION

The judgment is affirmed.

Jones, P. J., and Simons, J., concurred.

Appellant's petition for review by the Supreme Court was denied March, 24, 2004. Kennard, J., was of the opinion that the petition should be granted.